POORMAN v. CLEVELAND, C., C. & ST. L. RY. CO. et al.

(District Court, E. D. Illinois. November 1, 1918.)

No. 1258.

1. RAILROADS ⬥=482(2)—FIRES—"CARE AND MANAGEMENT OF ENGINE."

The engineer is the person having the "care and management of the engine," within Hurd's Rev. St. Ill. 1917, c. 114, § 103, providing that the fact that a fire was communicated shall be prima facie evidence of negligence of those having the care and management of the engine.

2. RAILROADS ⬥=267—FIRES—ACTION—PARTIES.

In view of Hurd's Rev. St. Ill. 1917, c. 114, § 103, declaring that the fact a fire is set out by a locomotive shall be prima facie evidence of negligence, held that, in an action for damages from fire, the engineer was properly made a defendant.

3. REMOVAL OF CAUSES ⬥=36—DIVERSE CITIZENSHIP—FRAUDULENT JOINDER OF DEFENDANT.

Since under Hurd's Rev. St. Ill. 1917, c. 114, § 103, declaring the fact the fire was set out to be prima facie evidence of negligence, the engineer in charge of the locomotive was a proper party, the joinder of the engineer and the railroad company as defendants in a suit in state court cannot be deemed fraudulent, though it prevented the company from removing the cause to the federal court on the ground of diversity of citizenship.

4. REMOVAL OF CAUSES ⬥=49(3)—SEPARABLE CONTROVERSY.

Where, in an action for damages from fire set out by a locomotive, both the railroad company, which was a nonresident, and the engineer, who was a resident, were joined in an action in the Illinois state court grounded on Hurd's Rev. St. Ill. 1917, c. 114, § 103, making the fact of fire prima facie evidence of negligence, held, there was no separable controversy, authorizing removal by the company.

At Law. Action by Russell F. Poorman against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and Oscar Macey, begun in state court, and removed to the federal court by the filing of a transcript therein, etc., after the state court denied the petition for removal. On motion to remand. Cause remanded.

Arthur Poorman, Stewart L. Clark, and Graham & Snavely, all of Marshall, Ill., for plaintiff.

P. J. Kolb, of Mt. Carmel, Ill., and Scholfield & Scholfield, of Marshall, Ill., for defendants.

ENGLISH, District Judge. This is a suit brought by the plaintiff in the circuit court of Clark county, Ill., against the defendants above named. The facts, as appear from the pleas and files, are that the defendant railroad company is a corporation organized under the laws of the states of Ohio and Indiana, and engaged in operating a line of railroad through Clark county, Ill., and that the defendant Oscar Macey was and is an engineer in the employ of the defendant company, and is a resident of the state of Illinois, and that the plaintiff is also a resident of Clark county, Ill.; that some time prior to the institution of the suit at bar the plaintiff was the owner of certain buildings and elevator property situated along the railroad line of the defendant company in Clark county, Ill.; that while the defendant Oscar Macey, as engineer on one of defendant company's trains, was pulling

---

a train of cars on said railroad passing plaintiff's property, that the defendant company and its codefendant, Macey, through their care-lessness and negligence in failing to install proper spark arresters and keeping them in proper condition, and otherwise carelessly and negligently so operated said engine that sparks of fire were allowed to escape from said engine, and caught and set fire to plaintiff's property, and that the same was thereby consumed and destroyed; that in due time the defendant railroad company filed its petition in said circuit court for removal of the case against it to the United States District Court for the Eastern District of Illinois, alleging diversity of citizenship between it and the plaintiff, and also alleging that a separable controversy existed between it and the plaintiff, which could be tried without the presence of its codefendant, Macey, and that said Macey was fraudulently joined with it to prevent the removal of the case into the federal court. The state court denied the petition for removal, and the defendant company then filed a transcript of the record in this court and procured a restraining order, out of the chancery side of the court, restraining the plaintiff from further prosecuting his suit in the state court until the further order of this court, and the plaintiff has filed his motion to remand, and the case is now at issue on the petition of removal and the defendants' motion to remand.

[1-4] The statute of Illinois (Hurd's Rev. St. 1917, c. 114, § 103) provides, among other things, that in actions for damages on account of injury occasioned by fire communicated by any locomotive engine the fact that a fire was so communicated shall be taken as full prima facie evidence to charge with negligence those in the use and occupation of the railroad as owners, lessees, or mortgagees, and those at the time having the "care and management" of the engine. In this case there is no dispute that defendant Macey was operating the engine at the time plaintiff's property caught fire, as complained of, and in the opinion of this court the engineer, the defendant Macey, was at the time in the "care and management of the engine," within the meaning of this statute; that is, that an engineer running an engine for his master has the care and management of that engine while he is so running and operating it, and the engineer being so in charge of the engine and having the care and management of it could have properly been included as a defendant in this suit, and as to whether or not the engineer was negligent in permitting sparks of fire to fly from his engine is a question of proof.

On the question as to whether or not the defendant Macey was included as a defendant by the plaintiff with fraudulent intent, as alleged in plaintiff's petition, it is a well-settled rule of law that there can be no fraudulent joinder of defendants, where the plaintiff has a bona fide belief in the facts upon which he bases his claim for a joint recovery, where he has a reasonable ground for a bona fide belief in the facts upon which the liability of all the defendants depend, his motive in joining them cannot be questioned. It is only when he has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing that he has, and he joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal, and

in view of the statute above cited, and the facts in this case, it cannot be said, at this time, that the plaintiff has no cause of action against the defendant Macey, neither has he any reasonable ground for supposing that he has not.

In this case the plaintiff, in good faith, so far as appears in the records, seeks the determination of his rights in the state court by filing a declaration in which he alleges a joint cause of action. Does this become a separable controversy, within the meaning of the acts of Congress, because the evidence may show that the plaintiff has misconceived his cause of action? This court thinks that it does not. The court deems it unnecessary to further discuss other points and authorities urged and cited, and for the reasons herein assigned the cause is remanded to the circuit court of Clark county, Ill., for trial.