JAMES C. KINSLER, APPELLANT, v. CASUALTY COMPANY OF AMERICA, APPELLEE: JESSE S. PHILLIPS, INTERVENER, APPELLEE.

FILED MARCH 27, 1919. No. 20644.

1. **Insurance: NEW YORK CORPORATION: INSOLVENCY: ADMINISTRATION OF ASSETS.** In case of the insolvency of an insurance corporation organized under the statutes of New York, the intervener, who is the insurance commissioner of that state, has the right by virtue of the insurance laws of that state, and it is his duty, to take charge of all the property and credits of the insolvent corporation in this state, and to administer them in behalf of its creditors.

2. ———: ———: ———. By virtue of the chartered rights of appellee which Nebraska recognized and accepted, this intervener has the title to all the property and credits of the defendant in Nebraska as well as New York, for the purpose of settling with creditors.

3. **Corporations: INSOLVENCY: ASSETS: ADMINISTRATION BY STATE OFFICER.** When a legislature provides for a state officer to administer the affairs of a corporation, and to settle with its creditors in case it becomes insolvent, this condition is a charter right of the corporation, and this right follows a corporation wherever it goes.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*James C. Kinsler, pro se.*

*Morsman, Maxwell & Crossman* and *Crane, Boucher & Sternberg, contra.*

ALDRICH, J.

The appellee herein is a foreign corporation, with its principal place of business in the city of New York, in the state of New York. The appellant is a resident of the city of Omaha, and he begins this action to recover an attorney fee in the sum of $654.73, and attaches and garnishees. One Jesse S. Phillips, insurance commissioner of the state of New York, intervened on the the 4th day of May, 1917, by virtue of section 63 of the general statutes on insurance in the state of New York. The court found for the intervener, and plaintiff appeals.

It is admitted that appellant herein performed the services for which he brings this cause of action. In fine, this is a case where there is no dispute about the facts. The question is: What is the proper application of the law to an admitted situation?

Appellant contends that the Casualty Company of America, appellee, herein, came into the state of Nebraska from its home state of New York to do a general casualty insurance business; that at the time it came here and obtained a license to do business it submitted itself to the laws of the state of Nebraska; that it made a contract with the appellant (a Nebraska lawyer) to perform certain legal services; that, by reason of performing these duties, the appellee became indebted to appellant. This is admitted by appellee. Then in determining the liability here we are met with the proposition: Why the intervention of the insurance commissioner of New York? Can he take over and manage in behalf of the creditors of Nebraska the property of the appellee herein?

The state of New York, under whose authority the insurance commissioner intervenes, gets into this case

by a New York statute. He has the power, and it is his statutory duty, to take charge of the insolvent appellee herein, and to administer all of the credits and pay off the indebtedness out of the assets of the insurance company. By virtue of the charter rights of appellee herein, which Nebraska recognizes and accepted, this intervener has the exclusive and absolute title to all property involved the same as though he were an individual owner, and anything that an individual can do in managing his own property this insurance commissioner, intervener herein, can do under and by virtue of its charter rights which it gets from section 63 of the New York statutes. When the intervener became a party by virtue of statute to the case herein, then all the rights, powers and authorities that the casualty company have exercised under its charter, are now subrogated to the intervener herein. In summarizing, then, we say all the rights and interests in every respect have been taken over, and all the titles to property involved, by this intervener, by virtue of statutory authority which Nebraska has recognized and accepted. This New York statute upon which this insurance company is based, and which is a part of its charter, was enacted in the first place for the purpose of liquidating insolvent insurance companies, and this appellee was insolvent and in the hands of the insurance commissioner of New York, the appellee herein, before these attachment proceedings were commenced. The intervener then is here by statutory authority to wind up the affairs of this corporation, and this is the purpose for which the title to the property of the appellee insurance company is taken over, and it is all done for the benefit of creditors. Nebraska recognized this right when it issued a license for this company to do business in this state, and there is nothing to prevent the enforcement of this condition in the state of Nebraska. It follows that every con-

dition and every restriction of the state of New York which gave the power of existence to the appellee herein is now taken over and must be respected and followed by this state. The state of Nebraska, when it issued the license to appellee herein, was charged with notice of the terms and conditions and the basis of authority upon which appellee did business, and thus entering into contract, and performed service for the appellee, was charged also with notice that these contracts and all business done with the company were subject to the fundamental law of its existence, and this charter provision, and it was a condition precedent to its entering business in the state of Nebraska that it was based on section 63 of the New York statute, and this charter went with the company wherever it went and into whatever state it obtained license to do business, and notified the respective state in which it was doing business that, if the company should become insolvent, or neglected to pay its debts, all of the property, assets, and credits of every character should be taken over and become the absolute property of the insurance commissioner of New York. This property and these rights are subject to every provision of its charter right. Then it follows that the insurance commissioner is the trustee of an express trust, and in this capacity and this relation holds all of the property of the insurance company for and in behalf of the creditors thereof. The statute which clothes this commissioner with this trust, in legal effect, constitutes part of the charter of the corporation to do business which Nebraska assented to at the time it granted license. *Bockover v. Life Ass'n of America,* 77 Va. 85.

Appellant strenuously contends that in an action of this kind an attachment will be sustained to protect a resident creditor against the claim of a receiver of a foreign corporation. That position is qualified and

Neb. 103.—25.

limited by circumstances, and is not absolute. This position is not in point here because it overlooks the proposition that Nebraska accepted the condition and limitations and authority of this charter when it came with the company into the state to get license to do business. In support of this proposition, counsel cites *Willitts v. Waite*, 25 N. Y. 577. This is not decisive of any proposition herein involved, because the enactment of section 63 of the New York statute in 1875 overruled this case, because this was handed down in February, 1871. The statute governing the situation here was enacted in 1875, four years later. Also *Kelly v. Crapo*, 45 N. Y. 86, is likewise not in point, for the reason that the statute of 1875 has overruled this case. The case of *Corn Exchange Bank v. Rockwell*, 58 Ill. App. 506, is not in point here, because there is no statute in the state of Illinois providing for a situation like the New York statute. In the absence of statutory regulation, counsel's cases would be absolutely in point and would be decisive of the issue; but the issue is not controlled by common law or court decisions, but rather is a plain rule provided by statute which we ought to follow. Then counsel cites a discriminating case in *Zacher v. Fidelity Trust & Safety-Vault Co.*, 106 Fed. 593, but it does not reach the situation we have here, because we have the *title* to the property vested in the insurance commissioner absolutely. We admit that the state owes a duty to its citizens to protect them against the removal from our jurisdiction of property here located of insolvent foreign corporations, but foreign corporations came here with their charters limited, checked and hemmed in by a foreign statute, the statute of their home state; and, when this state admitted a corporation under these conditions and specific provisions, it is bound by it, and has entered into solemn contract to recognize the powers therein conveyed, and, under a situation like this, the only relief a domestic creditor can have is to comply with the

terms and conditions under which they were granted license to do business. When the appellee obtained license and entered into contract with this state to do business herein, it expressly reserved the right to have its affairs and all property interests adjudicated with reference to the insurance commissioner of New York. Chief Justice Waite has held this New York law, which creates this trust, makes of the intervener herein the statutory successor of the corporation, for the purpose of winding up its affairs. This intervener is an officer of the state of New York, and represents in this court the sovereign authority of a sister state in the performance of these duties, and he appears in the courts of Nebraska, not as an appointee, but as the statutory successor of this corporation to wind up its affairs. The corporation proper, by statute, is eliminated. *Relfe v. Rundle,* 103 U. S. 222.

Nebraska, in dealing with this corporation, must deal with it subject to the rights and privileges which the state of New York conferred. It is true that this statutory successor has no extraterritorial power, and his acts and official duties must be confined within the borders of the state of New York. It is also true that a corporation is a creature of legislation and is endowed with whatever powers its creator desires to give it, and it is again true that the legislature can provide how and when an officer shall be called into being for the purpose of managing and directing certain affairs. Then it follows that, when the legislature create a state officer to administer the affairs of a corporation, and to settle with its creditors when it becomes insolvent, this condition is a basis of the charter rights of the corporation, and this right follows the corporation wherever it goes. Nebraska recognized this when it issued a license for the appellee herein to do business. If Nebraska did not want to recognize this right, or this condition upon which appellee entered into business in this state, it should have withheld the license. This

state was not compelled at any time to permit it to do business, but, having done so, without restriction, it is bound by the conditions of the corporate existence of the appellee to recognize and did recognize the New York statute, and said to this corporation, in recognition of its charter rights, that Nebraska, as a condition precedent to issuing a license, recognized the power and authority of the statute that forms the basis of its existence.

This is an attribute of its charter and governs absolutely. All of these things being true, there is but one thing this court can do, and that is, to affirm the decision of the court below, and in support of these views herein expressed, see *Converse v. Hamilton,* 224 U. S. 243; *Bernheimer v. Converse,* 206 U. S. 516; *Martyne v. American Union Fire Ins. Co.,* 216 N. Y. 183.

AFFIRMED.

SEDGWICK, J., not sitting.