### LION BONDING & SURETY CO. v. KARATZ.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1922.)

No. 5902.

1. **Courts** ⬤⟶328(1)—**Value of property involved, and not amount of plaintiff's claim, determines jurisdiction of insolvent corporation.**

In a suit by a creditor of an insolvent corporation for the appointment of receivers to administer the assets of the corporation for the benefit of the creditors, brought on behalf of all other creditors similarly situated, the value of the corporation's assets, and not the amount of plaintiff's claim, determines the jurisdiction of the United States court.

2. **Courts** ⬤⟶280—**Federal court must dismiss of its own motion for want of jurisdiction.**

Even if the objection that the amount in controversy was insufficient to sustain the jurisdiction of the federal court was not raised, it is the duty of the court to dismiss of its own motion, if the cause was not within its jurisdiction.

⬤⟶For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

**3. Corporations $\Longleftrightarrow$554—Simple creditor can have appointment of receiver, without securing judgment, if corporation is insolvent.**

Where a corporation is hopelessly insolvent, it would be futile to have an execution issued against it, and a simple contract creditor may maintain a suit in equity for the appointment of a receiver without being required first to reduce his claim to judgment and issue execution thereon.

**4. Insurance $\Longleftrightarrow$50—Allegations held to justify appointment of receiver on ex parte application.**

Allegations that defendant insurance company was insolvent and unable to pay plaintiff's claim, that it was threatened with litigation on numerous claims by different creditors, and that its assets would be wasted in the course of such litigation, are sufficient to warrant appointment of receivers for the corporation on the ex parte application of the creditor.

**5. Receivers $\Longleftrightarrow$67—Generally have no right to property in another district.**

In the absence of a statute, receivers generally have no right to the possession of the property of the insolvent in another state, or, if the appointment is made by national court, of the property in another district.

**6. Corporations $\Longleftrightarrow$560(4)—Receivers, assignee, or state board under state law held to have right to possession wherever property is situated.**

When the statute of the state under whose laws a corporation is created vests the title to all property of the corporation in the receivers, assignee, or a state board, they are entitled to possession, wherever the property is situated.

**7. Courts $\Longleftrightarrow$493(3)—Temporary possession of assets of insurance company by the state department does not prevent receivership.**

Where the state Department of Trade and Commerce has been ordered by the state district court of Nebraska to take possession of the assets of an insurance company, to conduct its business until such time as it shall appear to the court that the company can be permitted to resume the conduct of its business, under Laws Neb. 1919, c. 190, art. 3, § 4, subds. 1, 2, the temporary custody of the assets thereby given to the state department does not preclude the appointment of receivers for the corporation which was hopelessly insolvent, by the United States District Court in the district of Minnesota.

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Suit by A. H. Karatz against the Lion Bonding & Surety Company. From an order denying defendant's motion to dismiss the complaint and vacate the appointment of receivers, defendant appeals. Affirmed.

Halleck F. Rose, of Omaha, Neb. (Amos Thomas and George W. Pratt, both of Omaha, Neb., and Clarence A. Davis, Atty. Gen. of Nebraska, on the brief), for appellant.

Bruce W. Sanborn, of St. Paul, Minn. (Sanborn, Graves & Ordway, of St. Paul, Minn., on the brief), for appellee.

Before STONE, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. The facts as they appear from the record in the case are:

On May 2, 1921, the appellee filed his complaint in equity in the District Court of the United States for the District of Minnesota, on behalf of himself and all other parties similarly situated, who may de-

sire to make themselves parties, against the appellant, in which it was charged that appellee is a citizen of the state of Minnesota, and appellant an insurance corporation organized under the laws of the state of Nebraska, admitted to do business in the state of Minnesota; that in pursuance to such authority it has written a large amount of liability insurance, and has outstanding in the state policies and obligations as surety exceeding $100,000; that in payment of a loss in the state of Minnesota, for which it became liable in the sum of $2,100 to one of its policy holders, a corporation created under the laws of the state of Minnesota, it gave, on April 19, 1921, a draft in the city of St. Paul, Minn., drawn by its duly authorized agent, on the home office of appellant in the city of Omaha, state of Nebraska, for said sum, which said draft became, by proper indorsement, in due course of business, for a valuable consideration, the property of appellee; that said draft was duly presented to appellant for payment and refused, for the reason that appellant did not have sufficient funds to pay the same. The appellant has a large amount of personal property in the state of Minnesota, of the value of at least $20,000; that it has liabilities amounting to the sum of $377,790, which it is unable to pay, and has been denied the right to continue to do business in the states of Minnesota and Nebraska; that it is insolvent, and there is great danger of the property being wasted and dissipated by litigation ensuing and about to ensue upon the large amount of unpaid claims owing; that various creditors are threatening to sue the company, and collect their claims by executions, attachments, or other legal proceedings, unless the court will take its property into its custody and appoint receivers, for the purpose of converting its assets into money and distributing the same among its creditors; that the object of the action is for the purpose of closing up its business and causing a just and fair distribution of its property among its creditors; that appellant's property, asked to be taken control of by the court, greatly exceeds in value the sum of $3,000, exclusive of interest and costs.

The prayer of the bill is to appoint a receiver of appellant's property, with the usual powers of a receiver, and an injunction, but does not ask that affairs of the corporation be wound up, or that it be dissolved. The complaint was duly verified. Upon presentation of the complaint, the court, on May 2, 1921, granted the prayer of the complaint, appointed receivers, and authorized the plaintiff to apply to any other District Court for ancillary proceedings. The receivers duly qualified. On May 14, 1921, appellant filed a motion to dismiss the complaint, upon two grounds. (1) That plaintiff's claim was only for $2,100 and therefore insufficient to give the court jurisdiction. (2) That plaintiff is only a simple contract creditor on a claim not reduced to judgment, and without having exhausted his remedy at law.

It also filed, at the same time, a motion to discharge the receivers and for a restoration of the property to its custody, or the custody of the Department of Trade and Commerce of the state of Nebraska. The Department has not intervened in the cause and has presented no claim. The grounds relied on in this motion are that the court was without jurisdiction, for the same reasons set out in the motion to dismiss the

complaint, and the additional ground that the defendant is an insurance company, existing under the laws of that state, and the Governor, through the agency of the Department of Trade and Commerce, is vested with power to regulate, supervise, and control the business of insurance, and the corporations engaged in it; that said Department of Trade and Commerce is charged with the duty of examining all insurance companies, and if necessary for the protection of the policy holders to apply to the district court of the county in which the company has its principal office for an order directing the company to show cause why the Department should not take possession of the property, etc., and conduct or close its business, and upon such application the district court is vested with power to decree forthwith that said Department take possession of said property and retain possession thereof until, after a hearing, the court finds that the cause of such order has been removed, and on like application the court may order the liquidation of the business of such company, dissolve it, and enjoin it from transacting business or disposing of the property; that before appellee filed his complaint in this action, viz. on April 12, 1921, in judicial proceedings had in the district court of Douglas county, state of Nebraska, wherein the Department of Trade and Commerce was plaintiff and the appellant herein defendant, that court entered an order directing the Department to take possession of appellant's property, and conduct its business until such time as it shall appear, after a hearing, that the cause of said order had been removed, and also enjoining the company from in any manner interfering with the conduct of the business by the Department, and the usual injunctive orders made in such cases; that pursuant to said order the Department took immediate possession of the assets, books, etc., of the company for the purpose set out in the order and decree of the district court of Douglas county, and has been conducting the business ever since. A transcript of the proceedings in the state district court is filed with the motions as an exhibit. From this exhibit it appears that the allegations in the motion are true. The prayer of the complaint of the Department in that cause is:

"Wherefore this plaintiff, the Department of Trade and Commerce of the state of Nebraska, prays that this court direct the Department of Trade and Commerce to take possession of the property, records, and effects and conduct the business of the defendant corporation, the Lion Bonding & Surety Company, and retain such possession and conduct the business until such time as, after a hearing, it shall appear to the court that the cause of the order directing the Department of Trade and Commerce to take possession has been removed, and that the company can properly resume possession of its property, records, and effects and the conduct of its business, and further prays that an order may issue forthwith from this court, directing the defendant the Lion Bonding & Surety Company to show cause why the Department of Trade and Commerce should not take possession of its property, records, and effects, and conduct its business, and further prays that, pending the return of such order to show cause and a hearing thereon this court may issue an order restraining the defendant the Lion Bonding & Surety Company from the transaction of its business, and from the disposition of any of its property, records, and effects until the further order of this court, and for such other and further relief as may to the court seem just and equitable under the circumstances."

It also shows, in an itemized report filed in the state district court, and which is a part of the exhibit filed in this cause, that the company is wholly insolvent, and that its liabilities, in addition to the loss of the $300,000 capital stock, exceed .its assets by $377,790.68.

On May 30, 1921, after a hearing, the motion of appellant to dismiss the complaint and to vacate the appointment of the receivers made on May 2, 1921, was by the court denied, and from this order this appeal is prosecuted under section 129 of the Judicial Code (Comp. St. § 1121).

Prior to the hearing on May 30, 1921, on the 14th day of May, 1921, the appellant presented to this court, which was then in session at St. Paul, a motion under section 56 of the Judicial Code (Comp. St. § 1038) to disapprove the order appointing the receivers, which motion was heard by the court, composed at the time of the lamented Circuit Judge Hook, Judge Neblett, and the writer of this opinion. The grounds on which this motion was based were in effect the same as those set out in the assignment of errors on this appeal. The court denied the motion on May 31, 1921, all the judges concurring.

The assignments of error are:

I. "The court erred in making and entering the order appointing receivers of the property of the Lion Bonding & Surety Company upon the application and bill of complaint of complainant, in that the bill of complaint showed on its face that the said court was without jurisdiction of the subject-matter of said suit, because the sum or amount in controversy therein is limited to $2,100, and does not equal or exceed, exclusive of interest and costs, the sum or amount of $3,000."

II. "The court erred in making and entering the order appointing receivers of the property of the Lion Bonding & Surety Company, in that the bill of complaint of complainant showed on its face that the court was without power thereon to grant the equitable relief of appointment of receivers; the plaintiff claiming such equitable relief only as a simple contract creditor, without having reduced his claim to judgment, without having exercised or exhausted his remedy at law, and without presenting any specific lien upon or property interest of any sort in any of the said property of said Lion Bonding & Surety Company."

III. "The court erred in making and entering said order appointing receivers of all of the property of the Lion Bonding & Surety Company upon an ex parte application, and without notice to or knowledge of said defendant corporation; there being shown no imperative necessity or emergency for such judicial action without notice."

IV. "The said court erred in making and entering the order appointing said receivers of the property of said corporation, in that the said suit is one of a local nature, and the object and purpose of said bill, as therein stated, 'of closing up the business of said defendant,' could only be granted and exercised by the courts of the state or district in which said corporation was created and wherein it is domiciled, namely, the state and district of Nebraska, and for that purpose the power of said court for the district of Minnesota is secondary and ancillary only, and the primary jurisdiction to close up the business of the corporation within the territory of the state by which the corporation was created resides in the courts exercising territorial jurisdiction therein."

[1] Had the District Court jurisdiction of the cause, the plaintiff's claim not being in excess of $3,000, although the funds to be taken charge of and administered for the benefit of the company's creditors amounted to several hundred thousand dollars; the action being, not only for the benefit of the plaintiff, but all creditors of the company similarly situated?

This contention was ably presented by counsel at the former hearing on the motion to disapprove the appointment of the receivers and denied. The same contention was made in Dill v. Supreme Lodge of Knights of Honor (D. C.) 226 Fed. 807, and Cummings v. Supreme Council of Royal Arcanum (D. C.) 247 Fed. 992. The jurisdiction of the court in those cases was invoked by certificate holders of the defendants, fraternal insurance corporations, none of the certificates in either case exceeding $3,000, but in each the jurisdiction was sustained. In the Knights of Honor Case it was expressly raised, the writer of this opinion having presided in that case, although the opinion, which was delivered orally at the conclusion of the hearing, does not mention it.

[2] But, even had it not been raised, the courts of the United States being courts of limited jurisdiction, it would have been the duty of the court to dismiss the cause of its own motion, if not within its jurisdiction, even if the parties had by express consent sought to waive it. Minnesota v. Northern Security Co., 194 U. S. 48, 62, 24 Sup. Ct. 598, 48 L. Ed. 870; C., B. & Q. Ry. v. Willard, 220 U. S. 413, 419, 31 Sup. Ct. 460, 55 L. Ed. 521; Chicago, R. I. & Pac. Ry. Co. v. State of Nebraska, 251 Fed. 279, 163 C. C. A. 435 (8th Ct.); New York Life Ins. Co. v. Johnson, 255 Fed. 985, 167 C. C. A. 250 (8th Ct.). In the Royal Arcanum Case the court dismissed the bill on the merits, which, of course, it neither would or could have done, if without jurisdiction to entertain the action. The record in that case, which the court examined, shows that the plaintiffs were holders of certificates of insurance, none of which exceeded $3,000, and the liability of the defendant association on these certificates was only contingent, being payable on the death of the member, while in good standing.

We concur in the conclusion of Judge Booth in his memorandum of opinion that—

"The bond (evidently the property and books intended) sought to be taken possession of and distributed in the receivership on behalf of the plaintiff and other creditors, in my judgment, is the amount involved, for the purpose of determining the jurisdictional question."

[3] II. The second assignment of error, that the plaintiff is not entitled to the equitable relief of appointment of receivers, as he is only a simple contract creditor, without having reduced his claim to a judgment and exhausted his remedy at law, is equally without merit. The facts alleged in the complaint, and which are admitted, are that the company is wholly insolvent, and its property in danger of loss and dissipation by reason of seizures under execution and attachments, and waste, to the great loss of the creditors, justified the action of the District Court to appoint receivers, without the necessity of useless proceedings at law. Williams v. Adler-Goldman Comm. Co., 227 Fed. 374, 142 C. C. A. 70 (8th Ct.), affirming (D. C.) 211 Fed. 530, and authorities cited in the opinions of this case. As said in Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004, on like contentions:

"Neither law nor equity requires a meaningless form. 'Bona, sed impossibilia, non cogit lex.' It has been decided that, where it appears by the bill that the debtor is insolvent and that the issuing of an execution would be of no practical utility, the issue of an execution is not a necessary prerequisite for equitable interference."

[4] III. The allegations in the verified complaint show beyond question such an imperative necessity or emergency as required a court of equity to appoint receivers on an ex parte application. If the facts charged, and upon which the receivers were appointed, had been put in issue by denials on the motion to discharge the receivers, and had not been sustained by competent evidence, the court would undoubtedly have discharged them. The defendant, in its motion to discharge the receivers, denied none of the allegations in the complaint. All the defendant relied on in its motion were the grounds set out in the assignment of errors now relied on for a reversal of the order of the District Court.

IV. The fourth assignment raises the important question whether, in view of the proceedings had in the district court of Douglas county, state of Nebraska, in the action instituted by the Department of Trade and Commerce of that state against this defendant, prior to the institution of this cause in the court below, and the order of that court, deprived the court below of jurisdiction to appoint the receivers, and for this reason it should have granted the motion of defendant to discharge them and restore its property to the defendant or custody of the Department of Trade and Commerce of the State of Nebraska.

[5] That, in the absence of a statute vesting the title to the property of an insolvent in the receivers upon their appointment, such appointments give a receiver no right to the possession of the property of the insolvent in another state, or, if the appointment is made by a national court of the property, in another district, is well settled. The leading cases of the Supreme Court on that rule of law are Booth v. Clark, 17 How. (58 U. S.) 322, 15 L. Ed. 164, and Great Western Mining Co. v. Harris, 198 U. S. 561, 575, 25 Sup. Ct. 770, 49 L. Ed. 1163, followed ever since, not only by all national, but all, courts. In Rose's Notes to Booth v. Clark, the authorities are collected, showing how uniform the decisions of the courts are on that question. The latest case reaffirming this principle is Sterrett v. Second Nat. Bank, 248 U. S. 73, 39 Sup. Ct. 27, 63 L. Ed. 135, affirming 246 Fed. 753, 159 C. C. A. 55, 3 A. L. R. 256.

[6] But when the statutes of the state under whose law as the corporation is created vest the title to all property of the defendant in the receivers, assignee, or a state board, they are entitled to the possession, wherever the property is situated. In Relfe v. Rundle, 103 U. S. 222, 226, 26 L. Ed. 337, it was held that, as the Insurance Commissioner of the state of Missouri was by the laws of that state vested with the title of all the property and assets of insolvent insurance corporations created by that state, the Insurance Commissioner can maintain suits in the courts of any state and recover the property, although in possession of a receiver appointed by a court of a foreign state. In Bernheimer v. Converse, 206 U. S. 516, 534, 27 Sup. Ct. 755, 51 L. Ed. 1163, and Converse v. Hamilton, 224 U. S. 243, 260, 32 Sup. Ct. 415, 56 L. Ed. 749, Ann. Cas. 1913D, 1292, the same conclusions were reached under a statute of the state of Minnesota, vesting in a receiver of an insolvent corporation the absolute title to all its property, with power to sue in any court, including those of a foreign jurisdiction. And

this rule of law is recognized by the Supreme Court of Nebraska. Kinsler v. Casualty Co., 103 Neb. 382, 172 N. W. 33.

Counsel for appellant contend that under the laws of the state of Nebraska the title to all the property of an insolvent insurance company, created by the laws of that state, no matter where situated, vests in the Department of Trade and Commerce, when, upon an application to a district court of the county in which the principal office of the company is located, the court, by its order, places the property in the possession of that Department, and therefore this action is within the rulings in Relfe v. Rundle, supra, and the Converse Cases. The statute relied on is the act of 1919. Laws of Nebraska 1919, p. 573 et seq. The provisions of that act, on which counsel rely, are in section 4, art. 3, of that act and are as follows:

"I. Whenever any domestic company is insolvent, * * * or is found, after an examination, to be in such condition that its further transaction of business would be hazardous to its policy holders, or to its creditors, or to its stockholders, or to the public; or has willfully violated its articles of incorporation or association or any law of this state, or whenever any trustee, director, manager or officer thereof has refused to be examined under oath touching its affairs, the Department of Trade and Commerce may apply to the district court, or any judge thereof, in the county or judicial district in which the principal office of such company is located, for an order directing such company to show cause why the Department of Trade and Commerce should not take possession of its property, records and effects and conduct or close its business, and for such other relief as the nature of the case and the interest of its policy holders, creditors, stockholders or the public may require.

"2. On such application, or at any time thereafter, such court or judge may, in his discretion, issue an order restraining such company from the transaction of its business, or disposition of its property, records, and effects until the further order of the court. On the return of such order to show cause and after a full hearing, the court shall either deny the application or direct the Department of Trade and Commerce forthwith to take possession * * * and conduct the business until on the application of the Department of Trade and Commerce, or of such company, it shall, after a like hearing, appear to the court that the cause of such order directing the Department of Trade and Commerce to take possession has been removed, and that the company can properly resume possession of its property, records and effects, and the conduct of the business.

"3. If, on a like application and order to show cause, and after a full hearing, the court shall order the liquidation of the business of such company, such liquidation shall be made by and under the direction of the Department of Trade and Commerce, which may deal with the property, records, effects and business of such company in the name of the Department of Trade and Commerce, or in the name of the company, as the court may direct, *and it shall be vested by operation of law with title to all the property*, effects, contracts and rights of action of such company as of the date of the order so directing it to liquidate. * * *"

[7] Had the Department proceeded in its action in the district court of Douglas county under subsection 3 of section 4 of the act, and the court had made an order in conformity with such an application, the contention of counsel could probably be sustained, a question not before us and therefore not passed on; but, as shown by the transcript of the proceedings in that court filed by appellant, which is a part of the record in this case, the petition of the Department was under subsection 1, and the order of the district court of the state in conformity with subsection 2, which on the petition presented to it was the only

relief prayed, and therefore the only relief the court could grant. The order of the court, which is in strict compliance with the prayer of the bill and the statute, is:

"It is therefore ordered, adjudged, and decreed that the plaintiff herein, the Department of Trade and Commerce of the state of Nebraska, shall and is hereby ordered to take possession forthwith of the property, records, and effects and conduct the business of the defendant company, the Lion Bonding & Surety Company, and retain such possession and conduct the business of said company until such time as, after a hearing, it shall appear to the court that the cause of this order has been removed, and that the company can properly resume possession of its property, records, and effects, and the conduct of its business; and it is further ordered, adjudged, and decreed that the defendant company, its officers, directors, stockholders, and employees be and are hereby enjoined and restrained from in any manner interfering with the said Department of Trade and Commerce of the state of Nebraska in the carrying out of this order and in the taking possession of the property, records, and effects, and in the conduct of the business of the defendant company, the Lion Bonding & Surety Company."

There is nothing in this order vesting the title to the property of the company in the Department, nor did the Department ask it in its petition. Under that order the Department could neither claim possession of any property of the company out of the state of Nebraska, nor maintain an action for its recovery in any court other than one of or in the state of Nebraska. As the company was admittedly insolvent, had large property interests in the state of Minnesota, within the jurisdiction of the court below, was unable to pay its debts then due, its assets and property in imminent danger of being dissipated by reason of these conditions, the court, upon the application presented by the plaintiff's complaint, exercised proper discretion in appointing the receivers, and denying the motion of the defendant company to discharge them.

The decree is affirmed. Let the mandate in this case go forthwith.