**HERTZ et al. v. LION BONDING & SURETY CO. et al.**

(Circuit Court of Appeals, Eighth Circuit. April 28, 1922.)

No. 5950.

Courts &=>493(3)—Receivers entitled to property of insurance company, as against state department having temporary possession.

The receivers appointed by the United States District Court for Minnesota, for an insurance company organized under the laws of Nebraska, have exclusive right to the possession of all the assets of the corporation, notwithstanding a prior order by a Nebraska court temporarily vesting possession of such assets in the state department of trade and commerce, to conduct the affairs of the corporation until it can show the court it is again proper to permit the corporation to conduct its own business, under the well-settled rule that the court first obtaining jurisdiction in a proceeding to administer the property of an insolvent corporation has priority over other courts attempting to take such possession thereafter.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

---

&=>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by A. J. Hertz and others, as receivers, against Lion Bonding & Surety Company and others, to compel the delivery of all assets of the defendant corporation to the receivers. From a decree dismissing the suit, complainants appeal. Reversed, with directions to reinstate the bill, and issue the injunction as prayed.

Bruce W. Sanborn, of St. Paul, Minn. (Sanborn, Graves & Ordway, of St. Paul, Minn., on the brief), for appellants.

Halleck F. Rose, of Omaha, Neb. (Amos Thomas and George W. Pratt, both of Omaha, Neb., and Clarence A. Davis, Atty. Gen., on the brief), for appellees.

Before STONE, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. This cause arose out of the proceedings in No. 5902, Lion Bonding & Surety Co. v. A. H. Karatz, 280 Fed. 532, in which the opinion is filed this day. After the refusal of this court to disapprove the appointment of the receivers, and the denial by the District Court for the District of Minnesota of the defendant's motion to dismiss the complaint in that action, the appellants, hereafter referred to as the plaintiffs, in pursuance of the authority granted to them by the court, which appointed them, filed this action in the court below, praying that it be adjudged by the decree of the court that, as against the defendants in this cause, the plaintiffs, receivers appointed by the District Court of Minnesota, have priority of right and the exclusive right to the possession of all the assets of the defendant Lion Bonding & Surety Company, its books and records, and that the defendant have no right to their possession and for an injunction in the usual form. In addition to the Bonding Company, the officers of the company, the Department of Trade and Commerce of the state of Nebraska, Amos Thomas personally and as the agent and representative of that Department, and W. B. Young, the chief of the Bureau of Insurance of the state of Nebraska are defendants.

The complaint, after setting out the proceedings in the District Court for the District of Minnesota, resulting in the appointment of the plaintiffs as receivers of the property and assets of the bonding company, and their qualifications as such receivers, which are fully set forth in our opinion in No. 5902, Lion Bonding & Surety Co. v. A. H. Karatz, 280 Fed. 532, filed this day, and to which reference is made for the facts leading to the appointment of the receivers, alleges that, before their appointment as such receivers, on April 12, 1921, the defendant the Department of Trade and Commerce, referred to herein as the Department, had filed in the district court of Douglas county, state of Nebraska, its verified petition, praying for an order directing it to take possession of the records, property, etc., of the said bonding company, which had, in the conduct of its business, violated the laws of the state, and conduct its business until such time as, after a hearing, it shall appear to the court that the cause of the order directing the Department to take possession has been removed, and that the company can properly resume possession of the property, records, etc., and conduct its business; that said district court of Douglas county, upon the pres-

·entation of the petition, made an order in conformity with the prayer of the petition, whereupon said Department of Trade and Commerce took into its possession the books of the company, its cash, securities, and other assets, for the purposes set out in the order of that court, and designated the defendant Thomas as its agent and representative to act for it; that, after the appointment of plaintiffs as receivers by the District Court of the United States for the District of Minnesota, the defendant company, under the provisions of section 56 of the Judicial Code (Comp. St. § 1038), applied to the United States Circuit Court of Appeals for the Eighth Circuit to disapprove the appointment of said receivers, which was by said court denied; that the sole right of possession in said Department under said order of the district court of Douglas county, Neb., was the right granted by the order of said court to the temporary possession of the property by the company for the conduct of its business; that on May 28, 1921, the Department filed in the district court of Douglas county its further petition, praying for an order authorizing the winding up and liquidation of the business of the company, which was by said court granted and defendants are proceeding to liquidate said assets. Exhibits of the proceedings in the state and national courts are filed with and made a part of the complaint, and also affidavits to sustain the allegations.

The defendants filed motions to dismiss, which are in effect identical with the grounds upon which the appeal in No. 5902 was prosecuted. They also pleaded the order of the district court of Douglas county, made and entered on April 12, 1921. The motion to dismiss was by the court sustained, and a final decree dismissing the action entered. From this decree this appeal is prosecuted. The only question not passed on in the opinion in No. 5902 was the power of the court below to grant the relief asked by the plaintiffs, by reason of the possession by the Department of the company's property, books, etc., under the order of the district court of Douglas county, made on April 12, 1921.

We held in No. 5902 that the possession by the Department was only for a temporary purpose. As the District Court of the United States for the District of Minnesota obtained jurisdiction and the right to control by its receivers of the company's assets before the state court had been asked or granted the order to wind up and liquidate the business of the bonding company and vest title to the property in the Department, its right to the possession by its receivers is superior to that of the state court. It follows that the receivers appointed by it are entitled to possession of the company's records and assets as against the Department of Trade and Commerce. The law is well settled that the court first obtaining jurisdiction in a proceeding to administer the property of an insolvent corporation has priority over other courts, attempting to take such possession thereafter. Farmers' Loan & Trust Co. v. Lake Street Elev. R. R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Wabash R. Co. v. Adelbert College, 209 U. S. 38, 54, 28 Sup. Ct. 182, 52 L. Ed. 379; Palmer v. Texas, 212 U. S. 118, 129, 29 Sup. Ct. 230, 53 L. Ed. 435; McKinney v. Landon, 209 Fed. 300, 126 C. C. A. 226; Havner v. Hegnes, 269 Fed. 537 (C. C. A. 8th Ct.).

The complaint states a good cause of action, and the court below

erred in sustaining defendant's motion to dismiss it. The decree is accordingly reversed, with directions to the court below to set aside its order dismissing plaintiffs' bill, to reinstate such bill, and to issue an injunction in favor of the appellants and against the appellees, restraining them and each of them from removing, secreting, or disposing of the moneys, books, papers, records, assets, property, accounts, or choses in action of or derived from the Lion Bonding & Surety Company, and from doing any other act in relation thereto, except to hold the custody thereof subject to the further order of the United States District Court for the District of Minnesota, Fourth Division.

Let the mandate in this case go forthwith.