### WOODHOUSE v. BURLING et al.
### No. 6203.

United States Court of Appeals for the District of Columbia.

Argued Jan. 9, 1935.

Decided Feb. 25, 1935.

Raymond M. Hudson, of Washington, D. C., for appellant.

Wm. Merrick Parker and Edward B. Burling, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order of the lower court dismissing an amended bill of complaint filed by appellant as plaintiff below.

The amended bill of complaint named as defendants the following parties, to wit, Washington Airport, Inc., National Aviation Corporation, Edward B. Burling, Washington Air Terminals Corporation, Federal Aviation Corporation, H. Rozier Dulany, trustee, Arthur Herbert, trustee, and National Airport Corporation. The prayer of the bill was for a discovery, the appointment of a receiver, an injunction, a judgment, and general relief.

Motions were filed by defendants Burling and Dulany, respectively, praying that the bill be dismissed on the ground, among others, that the averments contained in it were insufficient to constitute a valid cause of action. The lower court sustained the motions and dismissed the amended bill of complaint, from which order the plaintiff has taken this appeal.

In the bill the plaintiff alleges in substance and effect that the defendant Washington Airport, Inc., was indebted to plaintiff upon various claims for damages in the sum of $1,425,500 then due and unpaid; that the debtor corporation was insolvent and that a judgment had been entered against it in the circuit court for Arlington county, Va., on May 16, 1930, in favor of the Airports Corporation of the United States, Inc., in the sum of $661; and that an execution on the judgment had been issued and returned "nulla bona" by the sheriff of Arlington county.

Plaintiff alleges that the corporation on June 30, 1933, was the owner of a certain described tract of real estate situate in the state of Virginia, and that on July 17, 1933, the defendants Dulany and Burke, as trustees, acting under a certain deed of trust, sold the same at public auction to defendant Edward B. Burling for the sum of $432,000, which sum was about $2,000 more than the secured debts and costs. Plaintiff does not deny the validity of the deed of trust under which the sale was made nor the amount of the indebtedness thereby secured, nor the regularity of the sale, nevertheless, plaintiff alleges that the sale was made "for and on behalf of the defendant, National Aviation Corporation, and those allied with it in its schemes to prevent just creditors of the Washington Airport, Inc., from being able to collect what is due them from the Washington Airport, Inc., assets, and the said Burling has, or will, convey his rights therein to the said National Aviation Corporation."

Plaintiff also alleges that on July 14, 1933, the Washington Airport, Inc., was the owner of certain other described real estate situate in the state of Virginia, and that on July 31, 1933, the defendants Dulany and Herbert, as trustees under a deed of trust, sold the same at public auction to Ludington Bros. at the price of $174,500, being the exact amount of the first trust which the Ludingtons held upon the property. The plaintiff does not deny the amount or validity of the indebtedness secured by the trust deed, nor the regularity of the proceedings of the trustees thereunder, but alleges that defendant National Aviation Corporation, being desirous of purchasing the property, attempted and succeeded in preventing plaintiff and other just creditors of Washington Airport, Inc., particularly the holders of the second trust upon the property, from bidding at the sale. The plaintiff alleges that the trustees who sold the several tracts under the trust deeds have "brought into the District of Columbia" the money which they have received from the sale of the property, or will receive when the balance of the purchase price is paid to them, and that there is no way for the courts of the state of Virginia

to reach the same. The plaintiff therefore prays that the court appoint a receiver to collect from the trustees the sum of $432,000, the purchase price of the property sold on July 17, 1933, and the sum of $174,500 for the purchase price of that sold on July 31, 1933; that the plaintiff be granted a judgment against Washington Airport, Inc., the National Aviation Corporation, and other defendants in the sum of $1,430,600; that the receiver be required to divide the proceeds of the several sales between the plaintiff and other creditors of Washington Airport, Inc.; that the defendants be enjoined and restrained from removing the money or any property of the Washington Airport, Inc., from the District of Columbia; and that the defendants be required to make discovery of and state any and all contracts and understandings between them in relation to the transactions above set out.

We think that the lower court was right in sustaining the motion to dismiss the plaintiff's bill for want of merit. The plaintiff is an unsecured creditor of the Washington Airport, Inc., and his claim has never been reduced to judgment. It is established by the authorities that a receiver for the property of an alleged debtor will not be appointed by a court of equity at the instance of a creditor whose claim has not been reduced to judgment. This requirement is not satisfied by the fact that another and different creditor has secured a judgment against the debtor and failed to collect the same by execution. Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; Pusey & Jones v. Hanssen, 261 U. S. 491, 497, 43 S. Ct. 454, 67 L. Ed. 763.

Moreover, the allegations contained in the bill of complaint do not disclose any fraudulent conduct of the part of the Washington Airport, Inc., the alleged debtor, nor any effort on its part to defeat the collection of the plaintiff's claims by ordinary legal procedure, nor that its assets are being concealed or dissipated. The only actual conduct which is set out in the bill as fraudulent is the effort of the National Aviation Corporation to prevent bidding at the trustees' sale of the second tract of land. It is not alleged that this corporation is insolvent, and, moreover, it appears that it has not been served with process in this case, and, consequently, that no valid order or judgment can be entered against it herein.

It is alleged in the bill that Dulany, trustee, is a nonresident of Virginia and that under the Virginia law a nonresident cannot act as such trustee, and, consequently that his acts in that capacity were illegal. It is not denied, however, that his cotrustees in the several deeds of trust were residents of Virginia; and we find no authority for the statement that a deed of trust made in that state to two trustees, one being a resident of Virginia and the other being a nonresident, would be invalid. It seems that such a claim is impliedly contradicted by the provisions of section 5400a of the Virginia Code of 1930. Moreover, it should be remembered that the courts of Virginia have jurisdiction of questions of title and legal procedure in reference to real estate located in that state, and those courts were open to the plaintiff and all questions relating to the validity of the deeds of trust should have been litigated there. It may be noted, moreover, that the plaintiff in the present suit seeks the appointment of a receiver to collect and disburse the funds accruing from the sale of the property made by the trustees under the deeds of trust which plaintiff at the same time claims were invalid.

The decree of the lower court is affirmed with costs.