STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. STATE BANK OF OMAHA, E. H. LUIKART, RECEIVER, APPELLANT. E. H. LUIKART, RECEIVER OF VERDIGRE STATE BANK, APPELLANT, V. NATIONAL SURETY COMPANY, APPELLEE.
287 N. W. 762

FILED OCTOBER 6, 1939. No. 30607.

*Howard Saxton* and *F. C. Radke*, for appellants.

*Smith & Schall* and *Gerald M. Vasak*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is a controversy between E. H. Luikart, receiver of the insolvent Verdigre State Bank of Verdigre, Nebraska, and Louis H. Pink, statutory liquidator of the National Surety Company, a dissolved insolvent insurance corporation formerly existing ·under a charter from the state of

New York and licensed to transact business in Nebraska, over garnishment of dividends on the latter's deposits in the State Bank of Omaha, an insolvent Nebraska corporation in the hands of E. H. Luikart, receiver.

In the district court for Knox county, Nebraska, E. H. Luikart, receiver of the Verdigre State Bank, recovered in his favor two judgments against the National Surety Company, one for $5,612.50, June 5, 1933, and the other for $5,950, May 24, 1934.

In a proceeding by the state of Nebraska in the district court for Douglas county to wind up the affairs of the insolvent State Bank of Omaha, there were adjudicated in favor of the National Surety Company, January 2, 1935, claims for unpaid deposits aggregating $2,577.23, payable to the latter from bank assets on a par with all other valid general unsecured deposits, and the decree of the district court directed E. H. Luikart, receiver of the State Bank of Omaha, to pay the National Surety Company the dividends due and to become due on its claims, the amount of the unpaid declared dividends being $1,932.91.

Later, January 8, 1935, E. H. Luikart, receiver of the Verdigre State Bank, filed in the district court for Douglas county in the proceeding to wind up the affairs of the State Bank of Omaha an application in the form of a bill of equity, praying for the garnishment of the dividends payable to the National Surety Company on its deposits and for the application thereof to partial payment of the judgments in favor of E. H. Luikart, receiver of the Verdigre State Bank.

The superintendent of insurance of the state of New York intervened in the district court for Douglas county, Nebraska, resisted garnishment of the dividends which Luikart, receiver of the State Bank of Omaha, had been ordered to pay to the National Surety Company, pleaded that, by virtue of article XI, ch. 191 of the laws of the state of New York (Laws 1932) and a decree of the supreme court of the state of New York for the first judicial district, dissolving the National Surety Company,

and ordering liquidation thereof by the statutory liquidator, who is the superintendent of insurance, the title to all its assets and credits vested in the liquidator June 1, 1934, under an order directing him to take possession thereof. In the petition in intervention the liquidator pleaded at length the New York statute and decree.

Luikart, receiver of both Nebraska banks named, admitted the existence of the New York statute and the decree of the supreme court of New York, but nevertheless took the position that it is the public policy of Nebraska to retain therein for the benefit of Nebraska creditors funds of insolvent foreign corporations, when attached in Nebraska by order of Nebraska courts.

The pleadings and the evidence show that the title to the dividends in controversy vested in the New York liquidator June 1, 1934, and that the application for garnishment was not made until January 8, 1935.

The district court for Douglas county, Nebraska, found that title to the dividends on the deposits vested in the New York liquidator, June 1, 1934, by virtue of the insurance laws of New York, on the making of the judicial order for liquidation, and were not subject to garnishment in Nebraska, denied the application therefor and ordered Luikart, receiver of the State Bank of Omaha, to pay the liquidator $1,932.91.

Luikart, receiver of both Nebraska state banks, appealed from the judgment of the district court for Douglas county to the supreme court.

The appeal presents the question: Does the public policy of Nebraska permit a judgment creditor to seize by process of garnishment dividends on deposits of an insolvent New York insurance company in an insolvent Nebraska state bank after title thereto had vested in the liquidator of the insurance company by virtue of the insurance laws of New York and the judgment of a court of that state, in disregard of his prior demand for the fund for the benefit of all creditors and a previous order of a Nebraska court to turn it over to him? This question was not involved in the liti-

gation wherein Luikart, receiver of the Verdigre State Bank, recovered the judgments against the National Surety Company. The judgments in the district court for Knox county were not liens on the deposits or dividends which the district court for Douglas county ordered the receiver of the State Bank of Omaha to pay to the liquidator of the National Surety Company. The receiver's plea of former adjudication in other litigation between the same parties is not well founded. The question for determination was decided in favor of the liquidator in *Kinsler v. Casualty Co. of America*, 103 Neb. 382, 172 N. W. 33. That case has not been overruled, but it is argued at great length by the receiver of both Nebraska banks that its force as a precedent on the public policy of Nebraska has been destroyed by subsequent adjudications and statutes. An examination of the cases and statutes to which reference has been made in the elaborate argument on this question fails to disclose a substantial reason for a departure from the doctrine of the *Kinsler* case. It was followed by the district court for Douglas county on issues and evidence essential to a proper decision.

The judgment from which the appeal was taken is

AFFIRMED.