ANDREWS et al. v. ANDREWS & ANDREWS, Inc.

No. 1991.

District Court, E. D. New York.

Nov. 17, 1942.

Lotterman & Tepper, of New York City, for plaintiff G. D. Andrews.

872

Silver & Bernstein, of New York City, for defendant.

White & Case, of New York City, for intervenors John McShain and John McShain, Inc.

MOSCOWITZ, District Judge.

These are two motions, one by the plaintiff Andrews for the following relief, "for an order allowing the exceptions to the aforementioned report of the Special Master and Accountant filed by the plaintiff, G. D. Andrews, adopting the said report of the Special Master and Accountant, as thus modified, and granting the plaintiff's application for the appointment of a receiver in equity of the property of the defendant above named, as requested by the application of the plaintiff, now pending, as contained in the order to show cause dated May 2nd, 1941", and the other by defendants Andrews & Andrews, Inc., for the following relief, "for an order allowing the exceptions taken to the said report of the Special Master and Accountant by the defendant, Andrews & Andrews, Inc., and by the intervenors John McShain and John McShain, Inc., and disallowing and overruling the exceptions taken thereto by the plaintiff G. D. Andrews; and further dismissing the bill of complaint and denying the plaintiff's motion for the appointment of a receiver for the property and assets of the defendant, with costs to the defendant against the plaintiff G. D. Andrews."

■ The Special Master heard the witnesses and he had an opportunity to observe their demeanor and manner of testifying. His conclusions should not be lightly disturbed. It cannot be said upon the testimony that he erred in the conclusions which he reached. His report as Special Master and Accountant will be confirmed and all exceptions are overruled.

Plaintiff Andrews seeks the appointment of a receiver of Andrews & Andrews, Inc., the defendant corporation. The defendant ceased active business and now is in the process of liquidation. The Special Master has found that the plaintiff Andrews is a simple contract creditor.

■ This action is in the form which was formerly called an action in equity and receivers in such actions were commonly called equity receivers. The weight of authority is to the effect and it has long been a generally accepted rule that a Court will not appoint a receiver at the instance of a simple contract creditor unless, of course, the corporate defendant raises no objection. See Davis v. Hayden, 4 Cir., 238 F. 734, 151 C.C.A. 584, certiorari denied, 1917, Hayden v. Davis, 243 U.S. 636, 37 S.Ct. 400, 61 L.Ed. 941; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871, reversing, 8 Cir., 1922, 281 F. 1021, and Hertz v. Lion Bonding & Surety Co., 8 Cir., 1922, 280 F. 540, appeal dismissed 260 U.S. 696, 43 S.Ct. 90, 67 L.Ed. 468, motion denied 262 U.S. 640, 43 S.Ct. 641, 67 L.Ed. 1151, and 262 U.S. 733, 43 S.Ct. 701, 67 L.Ed. 1206; Maxwell v. McDaniels, 4 Cir., 184 F. 311, 106 C.C.A. 453; Woodhouse v. Burling, 64 App.D.C. 196, 76 F.2d 446; Zechiel v. Firemen's Fund Ins. Co., 7 Cir., 61 F.2d 27, certiorari denied Firemen's Fund Ins. Co. v. Zechiel, 53 S.Ct. 387, 288 U.S. 602, 77 L.Ed. 978; Central West Public Service Co. v. Craig, 70 F.2d 427, reversing Craig v. Central West Public Service Co., D.C., 5 F.Supp. 884; In re Richardson's Estate, D.C., 294. F. 349; Home Mortgage Co. v. Ramsey, 4 Cir., 49 F.2d 738, reversing Ramsey v. Home Mortgage Co., D.C., 47 F.2d 621; First Nat. Bank of Medford v. Stewart Fruit Co., D.C., 17 F.2d 621.

■■ There is a further ground, moreover, on which this application must be denied. The primary relief which plaintiff seeks herein is the appointment of a receiver. It has been pointed out by the Supreme Court on numerous occasions that a receivership is only a means to a legitimate end sought through a court of equity and is not an end in itself. Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282; Kelleam v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899. The request must be ancillary to some other relief which it is appropriate for equity to give. Here no relief is requested other than a receivership. The business, moreover, is no longer a going one and there is no indication that plaintiff cannot obtain all the relief he requires without the appointment of a receiver.

The report will be confirmed and the application for the appointment of a receiver is denied.

Settle order on notice.