# CENTRAL NATIONAL BANK *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 90.  Argued November 24, 25, 1890. — Decided December 8, 1890.

Under the statute of the State of New York of April 23, 1866, providing
for assessing and taxing stockholders in national banks upon the value
of their shares, and making it " the duty of every such bank " " to retain
so much of any dividend or dividends belonging to such stockholder as
shall be necessary to pay any taxes assessed in pursuance of such act,"
the plaintiff in error having declared dividends, retained therefrom the
taxes thereon assessed and due to the State. *Held*, that the several
sums so retained were part of " the earnings, income, or gains of the
bank," upon which an internal revenue tax was imposed by c. 173, § 120
of the Act of June 30, 1864, as amended by the Act of July 13, 1866, 14
Stat. 98, 138, c. 184.

If a national bank, in good faith, but by mistake, declares a dividend or
makes an addition to its surplus or contingent funds, when it is not in a
condition to do so, the dividend or addition is subject to taxation, and
the mistake cannot be corrected by the courts in an action brought to
recover the tax.

THE case as stated by the court was as follows:

This action was brought in the District Court of the United
States for the Southern District of New York to recover cer-
tain amounts alleged to be due the United States for taxes on
" profits " made and realized by the Central National Bank
from its business for the years 1866, 1867, 1868, and 1870, —
namely, $56,555.69 for 1866, $79,003.22 for 1867, $79,800 for
1868, and $33,750 for 1870 — of which no return was made to
the assessor or assistant assessor of the district in which the
bank was located, and on which no tax was paid to the col-
lector, as required by law.  A demurrer to various counts of
the answer was overruled with leave to the government to
amend its complaint.   10 Fed. Rep. 612.

An amended complaint was filed which proceeded upon the
ground that the bank in each of the above years " declared a
dividend or dividends in money due to its stockholders " of the

above amounts, for the years named, respectively, of which no return was made, and on which no tax was paid.

The action was based, chiefly, upon section 120 of the act of Congress of June 30, 1864, entitled "An act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes," 13 Stat. 223, 283, c. 173, as amended by the act of July 13, 1866, 14 Stat. 98, 138, c. 184. That section provided : " That there shall be levied and collected a tax of five per centum on all dividends in scrip or money thereafter declared due, wherever and whenever the same shall be payable, to stockholders, policy-holders or depositors, or parties whatsoever, including non-residents, whether citizens or aliens, as part of the earnings, income or gains of any bank, trust company, savings institution, and of any fire, marine, life, inland insurance company, either stock or mutual, under whatever name or style, known or called, in the United States or Territories, whether specially incorporated or existing under general laws, and on all undistributed sums, or sums made or added during the year to their surplus or contingent funds; and said banks, trust companies, savings institutions, and insurance companies shall pay the said tax, and are hereby authorized to deduct and withhold from all payments made on account of any dividends or sums of money that may be due and payable as aforesaid the said tax of five per centum. And a list or return shall be made and rendered to the assessor or assistant assessor on or before the tenth day of the month following that in which any dividends or sums of money became due or payable as aforesaid; and said list or return shall contain a true and faithful account of the amount of taxes as aforesaid ; and there shall be annexed thereto a declaration of the president, cashier or treasurer of the bank, trust company, savings institution or insurance company, under oath or affirmation, in form and manner as may be prescribed by the commissioner of internal revenue, that the same contains a true and faithful account of the taxes as aforesaid. And for any default in the making or rendering of such list or return, with such declaration annexed, the bank, trust company, savings institution or insurance company

making such default shall forfeit as a penalty, the sum of one thousand dollars; and, in case of any default in making or rendering said list or return, or of any default in the payment of the tax as required, or any part thereof, the assessment and collection of the tax and penalty shall be in accordance with the general provisions of law in other cases of neglect and refusal: *Provided*, That the tax upon the dividends of life insurance companies shall not be deemed due until such dividends are payable, nor shall the portion of premiums returned by the mutual life insurance companies to their policy-holders, nor the annual or semi-annual interest allowed or paid to the depositors in savings banks or savings institutions, be considered as dividends."

Section 121 of the same act is as follows: "That any bank legally authorized to issue notes as circulation, which shall neglect or omit to make dividends or additions to its surplus or contingent fund as often as once in six months, shall make a list or return in duplicate, under oath or affirmation of the president or cashier, to the assessor or assistant assessor of the district in which it is located, on the first day of January and July in each year, or within thirty days thereafter, of the amount of profits which have accrued or been earned and received by said bank during the six months next preceding said first days of January and July; and shall present one of said lists or returns and pay to the collector of the district a duty of five per centum on such profits, and in case of default to make such list or return and payment within the thirty days as aforesaid, shall be subject to the provisions of the foregoing section of this act: *Provided*, That when any dividend is made which includes any part of the surplus or contingent fund of any bank, trust company, savings institution, insurance or railroad company, which has been assessed, and the duty paid thereon, the amount of duty so paid on that portion of the surplus or contingent fund may be deducted from the duty on such dividend." 13 Stat. 284, c. 173.

The answer to the amended complaint denies, on information and belief, that during the period from the 1st of January, 1866, to the 31st day of December, 1866, the defendant declared

a dividend or dividends in money due to its stockholders of the amount of $56,555.69, whereof no return was made, and on which no tax was paid; and denies that the alleged dividend or dividends were liable to the tax of ·five per cent as claimed by the government.

As a separate defence to the cause of action based upon the alleged declaration of dividends for the year 1866, the bank averred that, in 1866, it was required by the laws of New York, not only to retain from the dividends to its stockholders the amount of the municipal tax levied by that state against stockholders on the value of its shares of capital stock owned ·by them, respectively, but to pay over to the· proper State officers, out of its funds, the amount of taxes thus levied upon the par value of said stock, and deduct the amount ratably from the dividends to be paid by it to stockholders; that in 1866, in· pursuance of the laws of New York, it retained and ·paid to such officers the amount of taxes so levied by the State upon the shares of defendant's stock owned by stockholders, and the· amount so paid was $56,555.69; that in making up returns to the United States assessor it did not include that ·amount in its statement of· dividends, being advised, and now insisting, that such amount was a legitimate expense of its business and in no sense part of dividends, or to be returned as such.

The statute of New York here referred to is that of April 23, 1866, providing that no tax shall thereafter be assessed upon the capital of any bank or banking association organized under the authority of ·the State or of the United States, " but the stockholders in such banks and banking associations shall be assessed and taxed on the value of their shares of ·stock therein ; " such shares to be " included in the valuation of the personal property of such stockholder in the assessment of taxes at the place, town or ward where such bank or banking association is located." The 6th section of that· act provides : " For the purpose of collecting ·such taxes, and in addition to any other law of this State, not in conflict with the Constitution of the United States, relative to the imposition of taxes, it shall be the duty of every such bank or

banking association, and the managing officer or officers thereof, to retain so much of any dividend or dividends belonging to such stockholder as shall be necessary to pay any taxes assessed in pursuance of this act, until it shall be made to appear to such officer that such taxes have been paid." Laws of N. Y. 1866, vol. 2, p. 1647.

A similar defence was made in respect to the alleged declarations of dividends for the years 1867, 1868 and 1870.

In reference to the causes of action based upon the alleged declarations of dividends for 1866, 1867 and 1868, the bank made further special defences, which are set out at great length, but are stated by its counsel, as follows : " That in each of said years 1866, 1867 and 1868 the bank sustained losses from the embezzlement of its funds, by its cashier, to an amount in each of said years largely exceeding the amount of the so-called 'dividend' or State tax for such year; that said losses were concealed from the other officers of the bank until July, 1869, and in the interim the bank was led to believe that its profits were much larger than they actually were, and to pay and distribute among its stockholders, and to assume to add to its surplus fund much larger sums than it had actually earned, and to make erroneous returns of its dividends from earnings and of its additions to surplus, and to pay to the United States a much larger tax thereon than was really payable. The following is a summary of the erroneous returns so made, and of the erroneous taxes so paid to the United States, as stated in said separate defences :

| Year. | Dividend. | Addition to Surplus Fund. | Total. | Five per cent tax paid. |
|---|---|---|---|---|
| 1866 . . . | $448,947 36 | $30,000 | $478,947 36 | $23,947 36 |
| 1867 . . . | 325,789 40 | 30,000 | 355,789 40 | 17,789 48 |
| 1868 . . . | 315,789 48 | 30,000 | 345,789 48 | 17,289 48 |

Amount of taxes paid on erroneous dividends, and on erroneous additions to surplus during said three years  . . . . . . . . . . . . . . . $59,026 32

" That, in making said erroneous dividends and additions to the surplus, the bank, in each of said years, drew the same

largely from its capital and its surplus earned in former years, and that since its discovery of said losses it has been compelled to apply its profits made since July 1, 1869, to make good the impairment of its capital and surplus caused by said erroneous payments, and to withhold from its stockholders the portion of its profits so applied, and that the State taxes, or 'dividends' paid by the bank to the State of New York in 1866, 1867 and 1868 were not paid from its earnings, income or gains in either of said years, but wholly from its capital and accumulated surplus of former years, and were not liable to the tax of five per cent imposed by section 120, and that section does not apply to such a payment." The claim of the defendant, in its answer, was that, if it may not treat the amount paid to the State as municipal taxes on the value of its stock held by stockholders as a legitimate expense of its business in the years 1866, 1867 and 1868, respectively, it is entitled to have deducted from the amount of tax on the sums alleged to have been declared as dividends the amounts it paid, through mistake of fact, on the excess of profits returned for the above years over the profits actually made and realized from its business in those years.

In the District Court a demurrer to the counts of the answer containing the special defences was overruled, and judgment given for the defendant. 15 Fed. Rep. 223. Upon writ of error to the Circuit Court that judgment was reversed, and the cause was remitted to the District Court, where, upon final trial, judgment was rendered in favor of the United States for the sum of $28,625.33. 24 Fed. Rep. 577. This judgment having been affirmed in the Circuit Court, the case has been brought here by the bank.

*Mr. M. W. Divine* and *Mr. M. P. Whitehead* for plaintiff in error.

We concede that where a bank, by mistake, makes a return showing more profits than it has earned, and where, upon the faith of that return, a tax has been assessed and collected, the bank is debarred or estopped from afterwards correcting its

mistake and reclaiming any ·part of that tax; but we also claim that this estoppel must be limited to the erroneous return made and to the tax assessed and collected on .tne basis of that return, and that it cannot and should not be extended, so as to cover a payment, not included in the return, of a state tax against its stockholders made by a bank, not from its earnings, income or gains of the current year, but, concededly, from its capital and surplus of previous years.

"An estoppel will be strictly limited to the representation made." Bigelow on Estoppel, pp. 495, 496, and cases cited. Herman on Estoppel,· § 24, p. 338.

In Cooley on Taxation, 2 ed. ·pp. 819, 820, it is said : "But the technical doctrine of estoppel is one to be applied with great caution, for it sets aside. general rules on supposed equities, and the danger is always imminent that wrong may be done," see also p. 360.

· In this case the estoppel must be confined to the dividends declared and returned, and to the taxes assessed thereon by the assessor and paid by the bank in 1866, 1867 and 1868.

The payment of· the state tax was not, in any manner an admission by the bank that the amount paid was a dividend or a part of its profits, etc., and even if .it were, it could only operate as an admission or estoppel as between the bank and the State, and not as between the bank and the United States.

. There being, then, no element of estoppel as between the bank and the United States, in reference to the alleged "dividends" or State taxes mentioned in the first three ·causes of action. the only ground upon which the United States can claim a recovery therefor is removed; for, clearly, that State tax was not a dividend "declared due to stockholders as part of the income, earnings or gains" of the bank to entitle the United States to recover.

To entitle the United States to recover the tax upon the "alleged dividends" mentioned in the complaint, it must allege and prove that those dividends or taxes were, in fact, dividends declared due to stockholders, as part of the earnings, income or gains of the bank.

If the United States proved that the bank paid to the State

of New York in each of those years the taxes mentioned in the complaint for account of its stockholders, but did not include them in its returns of dividends, it would still have to prove that those payments were made from the " earnings, income or gains " of the bank, and in response to any such proof, it would be competent for the bank to show; what is now conceded by the demurrer, viz. : that those State taxes or dividends were paid, not from the said " earnings, income or gains," but from the bank's capital and accumulated surplus of previous years; that the returns of dividends, etc., which the bank actually made showed more dividends and additions to surplus than it had actually earned; and that it had, in fact, paid to the United States more taxes than it was liable for. If such proof were offered, would not the bank be entitled to judgment in its favor ?

As has already been stated, all these causes of action are based on § 120 of the Revenue act, and to entitle the bank to recover for any or either of them, it must allege and prove, not only that the moneys paid for the State taxes were " dividends in money declared due to the stockholders " of that bank, but must also allege and prove that those dividends were in fact declared due " as part of the earnings, income or gains " of the bank.

We submit that the taxes paid to the State were not " dividends declared due to stockholders," within the meaning or intent of § 120, nor can they be subject to the five per cent tax on dividends imposed by that section. The dividends liable to taxation are clearly defined in that section, viz. : They must be declared due to stockholders as part of the earnings, income or gains of the bank; and clearly these payments to the State of New York do not come within that definition.

The only pretext for any claim that the amounts paid by the bank for State taxes were liable to any United States Internal Revenue tax is, that they represented ' profits " which the bank omitted or neglected to return.

But the United States, on May 12, 1882, deliberately repudiated any such claim by amending its complaint, so as to

base its claim solely upon section 120 (viz., that the State tax was a dividend) and not upon section 121 (that it represented profits).

Having made this election more than eight years ago, and having adhered to it ever since, we submit that the United States is not entitled to recover anything from the bank in this action.

If the United States has any valid claim against the bank for profits not returned in 1870, it can enforce that claim in an appropriate action at any time, for the statute of limitations does not run against the United States. *United States v. Nashville &c. Railway,* 118 U. S. 120, and cases there cited.

*Mr. Assistant Attorney General Parker* for defendants in error.

Mr. Justice Harlan, after stating the case, as above reported, delivered the opinion of the court.

The act of Congress was correctly interpreted by the Circuit Court. That the amounts paid by the bank to the State in the years 1866, 1867, 1868 and 1870 came from dividends declared by it to be due and payable to stockholders, as part of its earnings, income or gains, is entirely clear. Because they were from dividends, so declared, the bank recognized its obligation to pay, and did pay, the taxes assessed by the State upon shares owned by stockholders. It was not required to retain the amount of taxes due the State except from " dividends belonging to such stockholders." The taxes constituted a claim against stockholders only, and the bank was made simply an agent to collect them for the State. Their retention by the bank out of dividends declared due to stockholders was a convenient mode adopted by the State to collect its taxes. The circuit judge well said that, in legal effect, the retaining by the bank of the amount of the taxes assessed against stockholders was the same as if it had paid the whole dividend to stockholders, and the latter had handed back the

sum due from them for municipal taxes, and authorized the bank to pay it. For these reasons, the bank had no right to omit from its return a statement of the sums retained by it for the State out of dividends to stockholders in the years 1866, 1867, 1868 and 1870.

This is an end of this case, unless, as contended, the embezzlement of the bank's cashier, whereby it was led to believe that its profits were larger than they actually were, and whereby it was induced to distribute among its stockholders and add to its surplus or contingent funds larger sums than were actually earned, and to make erroneous returns of dividends from earnings and of additions to surplus, constitutes a defence to the action. We are of opinion that the liability of the bank, under section 120, depends solely upon the questions whether dividends were, in fact, declared due and payable to stockholders from its earnings, income or gains, and whether undistributed sums were, in fact, made or added to its surplus or contingent fund. Whether or not such dividends should be declared, or such additions made, was for the bank to determine. In view of the language and object of the statute, we hold that, if the declarations or additions were not recalled or rescinded before the time when it became the duty of the bank to make its returns to the assessor, the question whether or not, for the purposes of taxation by the United States, dividends had been declared due to stockholders, or additions made to surplus or contingent funds, was closed, and the liability of the bank for the tax of five per cent on such dividends or additions attached. If the bank, in good faith and by mistake, made a declaration of dividends, or an addition to its surplus or contingent funds when it was not in a condition to do so, the mistake cannot be corrected by the courts in an action brought to recover the tax. Relief must come from another branch of the government.

In *Bailey* v. *Railroad Co.*, 106 U. S. 109, 113, 115, this court had occasion to construe section 122 of the above act of Congress, providing that "any railroad, canal, turnpike, canal navigation or slack-water company, indebted for any money for which bonds or other evidences of indebtedness have been

issued, payable in one or more years after date, upon which interest is stipulated to be paid, or coupons representing the interest, or any such company that may have declared any dividend in scrip or money due or payable to its stockholders, . . . as part of the earnings, profits, income or gains of such company, and all profits of such company carried to the account of any fund, or used for construction, shall be subject to and pay a tax of five per centum on the amount of such interest or coupons, dividends or profits, whenever and wherever the same shall be payable," etc. 13 Stat. 283; 14 Stat. 138. The court, speaking by Mr. Justice Matthews, said: " It is true, indeed, that by the terms of the law the amount paid as interest on bonds is charged with a tax as part of the earnings, although there may have been no net earnings out of which to pay it ; but the law proceeds upon a presumption which disregards what is merely exceptional. And we have no hesitation in saying, that in reference to a dividend declared as of earnings for the current year and paid as such to stockholders, whether in money or in scrip, no proof would be admissible, for the purpose of avoiding the tax, that no earnings had in fact been made. The law conclusively assumes, in such a case, that a dividend declared and paid is a dividend earned." The same principle must govern the construction of section 120, and determines the present case in favor of the United States.

*Judgment affirmed.*

Mr. Justice Field dissented.