137 U.S. 355
 11 S.Ct. 126
 34 L.Ed. 703
 CENTRAL NAT. BANK
v.
UNITED STATES.
 December 8, 1890.
 This action was brought in the district court of the United States for the southern district of New York to recover certain amounts alleged to be due the United States for taxes on 'profits' made and realized by the Central National Bank from its business for the years 1866, 1867, 1868, and 1870, namely $56,555.69 for 1866, $79,003.22 for 1867, $78,800 for 1868, and $33,750 for 1870, of which no return was made to the assessor or assistant assessor of the district in which the bank was located, and on which no tax was paid to the collector, as required by law. A demurrer to various counts of the answer was overruled, with leave to the government to amend its complaint. 10 Fed. Rep. 612.
 
 An amended complaint was filed which proceeded upon the ground that the bank in each of the above years 'declared a dividend or dividends in money due to its stockholders,' of the above amounts, for the years named, respectively, of which no return was made, and on which no tax was paid.
 The action was based, chiefly, upon section 120 of the act of congress of June 30, 1864, entitled 'An act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes,' (13 St. pp. 223, 283, c. 173,) as amended by the act of July 13, 1866, (14 St. pp. 98, 138, c. 184.) That section provided: 'That there shall be levied and collected a tax of five per centum on all dividends in all scrip or money thereafter declared due, wherever and whenever the same shall be payable, to stockholders, policy-holders, or depositors, or parties whatsoever, including non-residents, whether it izens or aliens, as part of the earnings, income, or gains of any bank, trust company, savings institution, and of any fire, marine, life, inland insurance company, either stock or mutual, under whatever name or style, known or called, in the United States or Territories, whether specially incorporated or existing under general laws, and on all undistributed sums or sums made or added during the year to their surplus or contingent funds; and said banks, trust companies, saving institutions, and insurance companies shall pay the said tax, and are hereby authorized to deduct and withhold from all payments made on account of any dividends or sums of money that may be due and payable as aforesaid the said tax of five per centum. And a list or return shall be made and rendered to the assessor or assistant assessor on or before the tenth day of the month following that in which any dividends or sums of money became due or payable as aforesaid; and said list or return shall contain a true and faithful account of the amount of taxes as aforesaid, and there shall be annexed thereto a declaration of the president, cashier, or treasurer of the bank, trust company, savings institution, or insurance company, under oath or affirmation, in form and manner as may be prescribed by the commissioner of internal revenue, that the same contains a true and faithful account of the taxes as aforesaid. And for any default in the making or rendering of such list or return, with such declaration annexed, the bank, trust company, savings institution, or insurance company making such default shall forfeit, as a penalty, the sum of one thousand dollars; and, in case of any default in making or rendering said list or return, or any default in the payment of the tax as required, or any part thereof, the assessment and collection of the tax and penalty shall be in accordance with the general provisions of law in other cases of neglect and refusal: provided, that the tax upon the dividends of life insurance companies shall not be deemed due until such dividends are payable, nor shall the portion of premiums returned by the mutual life insurance companies to their policy-holders, nor the annual or semi-annual interest allowed or paid to the depositors in savings bank or savings institutions, be considered as dividends.'
 Section 121 of the same act is as follows: 'That any bank legally authorized to issue notes as circulation, which shall neglect or omit to make dividends or additions to its surplus or contingent fund as often as once in six months, shall make a list or return in duplicate, under oath or affirmation of the president or cashier, to the assessor or assistant assessor of the district in which it is located, on the first day of January and July in each year, or within thirty days thereafter, of the amount of profits which have accrued or been earned and received by said bank during the six months next preceding said first days of January and July, and shall present one of said lists or returns and pay to the collector of the district a duty of five per centum on such profits, and in case of default to make such list or return and payment within the thirty days as aforesaid, shall be subject to the provisions of the foregoing section of this act: provided, that when any dividend is made which includes any part of the surplus or contingent fund of any bank, trust company, savings institution, insurance or railroad company which has been assessed, and the duty paid thereon, the amount of duty so paid on that portion of the surplus or contingent fund may be deducted from the duty on such dividend.' 13 St. p. 284, c. 173.
 The answer to the amended complaint denies, on information and belief, that during the period from the 1st of January, 1866, to the 31st day of December, 1866, the defendant declared a dividend or dividends in money due to its stockholders of the amount of $56,555.69, whereof no return was made, and on which no tax was paid; and denies that the alleged iv idend or dividends were liable to the tax of 5 per cent., as claimed by the government.
 As a separate defense to the cause of action based upon the alleged declaration of dividends for the year 1866, the bank averred that, in 1866, it was required by the laws of New York, not only to retain from the dividends to its stockholders the amount of the municipal tax levied by that state against stockholders on the value of its shares of capital stock owned by them, respectively, but to pay over to the proper state officers, out of its funds, the amount of taxes thus levied upon the par value of said stock, and deduct the amount ratably from the dividends to be paid by it to stockholders; that in 1866, in pursuance of the laws of New York, it retained and paid to such officers the amount of taxes so levied by the state upon the shares of defendant's stock owned by stockholders, and the amount so paid was $56,555.69; that, in making up returns to the United States assessor, it did not include that amount in its statement of dividends, being advised, and now insisting, that such amount was a legitimate expense of its business, and in no sense part of dividends, or to be returned as such.
 The statute of New York here referred to is that of April 23, 1866, providing that no tax shall thereafter be assessed upon the capital of any bank or banking association organized under the authority of the state, or of the United States, 'but the stockholders in such banks and banking associations shall be assessed and taxed on the value of their shares of stock therein;' such shares to be 'included in the valuation of the personal property of such stockholder in the assessment of taxes at the place, town, or ward where such bank or banking association is located.' The sixth section of that act provides: 'For the purpose of collecting such taxes, and in addition to any other law of this state, not in conflict with the constitution of the United States, relative to the imposition of taxes, it shall be the duty of every such bank or banking association, and the managing officer or officers thereof, to retain so much of any dividend or dividends belonging to such stockholder as shall be necessary to pay any taxes assessed in pursuance of this act, until it shall be made to appear to such officer that such taxes have been paid.' 2 Laws N. Y. 1866, p. 1647.
 A similar defense was made in respect to the alleged declarations of dividends for the years 1867, 1868, and 1870.
 In reference to the causes of action based upon the alleged declarations of dividends for 1866, 1867, and 1868, the bank made further special defenses, which are set out at great length, but are stated by its counsel, as follows: 'That in each of said years 1866, 1867, and 1868, the bank sustained losses from the embezzlement of its funds, by its cashier, to an amount in each of said years largely exceeding the amount of the so-called 'dividend' or state tax for such year; that said losses were concealed from the other officers of the bank until July, 1869, and in the interim the bank was led to believe that its profits were much larger than they actually were, and to pay and distribute among its stockholders, and to assume to add to its surplus fund, much larger sums than it had actually earned, and to make erroneous returns of its dividends from earnings, and of its additions to surplus, and to pay to the United States a much larger tax thereon than was really payable. The followng is a summary of the erroneous returns so made, and of the erroneous taxes so paid to the United States, as stated in said separate defenses:
 Year.... Dividend.. Addition to Total. Five per cent.
 .............. Surplus Fund. tax paid.
 1866... $448,947 36 $30,000 $478,947 36 $23,947 36
 1867... 325,789 40 30,000 355,789 40 17,789 48
 1868... 315,789 48 30,000 345,789 48 17,289 48
 ------------
 Amount of taxes paid on erroneous
 dividends, and on erroneous additions to
 surplus during said three years .. $59,026 32
 'That, in making said erroneous dividends and additions to the surplus, the bank, in each of said years, drew the same largely from its capital, and its surplus earned in former years, and that since its discovery of said losses it has been compelled to apply its profits made since July 1, 1869, to make good the impairment of its capital and surplus caused by said erroneous payments, and to withhold from its stockholders the portion of its profits so applied, and that the state taxes or 'dividends' paid by the bank to the state of New York in 1866, 1867, and 1868 were not paid from its earnings, income, or gains in either of said years, but wholly from its capital and accumulated surplus of former years, and was not liable to the tax of five per cent. imposed by section 120, and that section does not apply to such payment.' The claim of the defendant, in its answer, was that, if it may not treat the amount paid to the state as municipal taxes on the value of its stock held by stockholders as a legitimate expense of its business in the years 1866, 1867, and 1868, respectively, it is entitled to have dedcuted from the amount of tax on the sums alleged to have been declared as dividends the amounts it paid, through mistake of fact, on the excess of profits returned for the above years over the profits actually made and realized from its business in those years.
 In the district court a demurrer to the counts of the answer containing the special defenses was overruled, and judgment given for the defendant. 15 Fed. Rep. 222. Upon writ of error to the circuit court that judgment was reversed, and the cause was remitted to the district court, where, upon final trial, judgment was rendered in favor of the United States for the sum of $28,625.33. 24 Fed. Rep. 577. This judgment having been affirmed in the circuit court, the case has been brought here by the bank.
 M. W. Divine and Aaron Pennington Whitehead, for plaintiff in error.
 [Argument of Counsel from pages 360-363 intentionally omitted]
 Asst. Atty. Gen. Parker, for the United States.
 Mr. Justice HARLAN, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 The act of congress was correctly interpreted by the circuit court. That the amounts paid by the bank to the state in the years 1866, 1867, 1868, and 1870 came from dividends declared by it to be due and payable to stockholders, as part of its earnings, income, or gains, is entirely clear. Because they were from dividends, so declared, the bank recognized its obligation to pay, and did pay, the taxes assessed by the state upon shares owned by stockholders. It was not required to retain the amount of taxes due the state except from 'dividends belonging to such stockholders.' The taxes constituted a claim against stockholders only, and the bank was made simply an agent to collect them for the state. Their retention by the bank out of dividends declared due to stockholders was a convenient mode adopted by the state to collect its taxes. The circuit judge well said that, in legal effect, the retaining by the bank of the amount of the taxes assessed against stockholders was the same as if it had paid the whole dividend to stockholders, and the latter had handed back the sum due from them for municipal taxes, and authorized the bank to pay it. For these reasons, the bank had no right to omit from its return a statement of the sums retained by it for the state out of dividends to stockholders in the years 1866, 1867, 1868, and 1870.
 
 
 2
 This is an end of this case, unless, as contended, the embezzlement of the bank's cashier, whereby it was led to believe that its profits were larger than they actually were, and whereby it was induced to distribute among its stockholders and add to its surplus or contingent funds larger sums than were actually earned, and to make erroneous returns of dividends from earnings, and of additions to surplus, constitutes a defenseto the action. We are of opinion that the liability of the bank, under section 120, depends solely upon the questions whether dividends were, in fact, declared due and payable to stockholders from its earnings, income, or gains, and whether undistributed sums were, in fact, made or added to its surplus or contingent fund. Whether or not such dividends should be declared, or such additions made, was for the bank to determine. In view of the language and object of the statute, we hold that, if the declarations or additions were not recalled or rescinded before the time when it became the duty of the bank to make its returns to the assessor, the question whether or not, for the purposes of taxation by the United States, dividends had been declared due to stockholders, or additions made to surplus or contingent funds, was closed, and the liability of the bank for the tax of 5 per cent. on such dividends or additions attached. If the bank, in good faith, and by mistake, made a declaration of dividends, or an addition to its surplus or contingent funds, when it was not in a condition to do so, the mistake cannot be corrected by the courts in an action brought to recover the tax. Relief must come from another branch of the government.
 
 
 3
 In Bailey v. Railroad Co., 106 U. S. 109, 113, 115, 1 Sup. Ct. Rep. 62, this court had occasion to construe section 122 of the above act of congress, providing that 'any railroad, canal, turnpike, canal navigation, or slack-water company, indebted for any money for which bonds or other evidences of indebtedness have been issued, payable in one or more years after date, upon which interest is stipulated to be paid, or coupons representing the interest, or any such company that may have declared any dividend in scrip or money, due or payable to its stockholders, * * * as part of the earnings, profits, income, or gains of such company, and all profits of such company carried to the account of any fund, or used for construction, shall be subject to and pay a tax of five per centum on the amount of such interest or coupons, dividends or profits, whenever and wherever the same shall be payable,' etc. 13 St. 284; 14 St. 138. The court, speaking by Mr. Justice MATTHEWS, said: 'It is true, indeed, that by the terms of the law the amount paid as interest on bonds is charged with a tax as part of the earnings, although there may have been no net earnings out of which to pay it; but the law proceeds upon a presumption which disregards what is merely exceptional. And we have no hesitation in saying that, in reference to a dividend declared as of earnings for the current year, and paid as such to stockholders, whether in money or in scrip, no proof would be admissible, for the purpose of avoiding the tax, that no earnings had in fact been made. The law conclusively assumes, in such a case, that a dividend declared and paid is a dividend earned.' The same principle must govern the construction of section 120, and determines the present case in favor of the United States.
 
 
 4
 FIELD, J., dissents.