### McATAMNEY v. COMMONWEALTH HOTEL CONST. CORPORATION et al.

(District Court, S. D. New York. February 27, 1924.)

1. **Courts ⊂⇒328(4)—Federal court held to have jurisdiction under allegations against two corporations.**

A bill asserting a claim of $2,800 against one corporate defendant and a claim of $2,500 against another corporate defendant, and further alleging that the assets and properties of the two defendants are commingled, and that only by a trial can it be adjudicated whether the claims should be apportioned, partly to one and partly to the other, and asking a receivership, *held* to state a common claim against the two defendants in excess of $3,000, so that the federal District Court would have jurisdiction.

2. **Courts ⊂⇒328(2)—Property involved in receivership suit controls jurisdiction of federal court.**

The amount involved in a suit in a federal court against two corporations, seeking to have all the assets of the defendants conserved for the benefit of creditors and stockholders, was not determined by the debt of the plaintiff or intervening creditors, but by the property of the defendant corporation sought to be taken possession of and distributed.

3. **Courts ⊂⇒493(3)—Federal court, and not state court, held entitled to possession of property, where first to appoint receiver.**

Where stockholders brought actions in state court against officers and the corporation for malfeasance or misfeasance, to prevent conversion of corporate assets, to recover property diverted, and to restrain further diversion, and a motion was made in state court for appointment of a receiver, but before its determination receivers were appointed in the federal court, the receivers so appointed were entitled to the possession of

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the assets of the corporation; the issues and subject-matter in the different actions not being identical, and there being no conflict of jurisdiction.

**4. Corporations ☞684—State court has no jurisdiction to appoint general receiver of foreign corporations.**

A state court has no jurisdiction to appoint a general receiver of a foreign corporation, and though a temporary receiver pendente lite may be appointed by a state court to prevent waste, such receiver would have no title to its property, and in effect would be a custodian.

**5. Receivers ☞57—Effect of express consent to appointment.**

Where there is an express consent by a corporation to the appointment of receivers in equity, and the corporation has failed to object seasonably to such appointment, and the indebtedness of the contract creditor is admitted, the court has power to appoint a receiver, and objection which might otherwise be considered will be treated as waived.

**6. Receivers ☞64—Court may substitute receiver for one appointed.**

Power is inherent in court to substitute another for a receiver already appointed.

In Equity. Suit by Hugh McAtamney against Commonwealth Hotel Construction Corporation and another. On motions to vacate an order appointing receivers and for dismissal of equity bill. Motions denied.

Almet F. Jenks, of New York City (Abraham Benedict, of New York City, of counsel), for petitioners.

Wilbur W. Chambers, of Albany, N. Y., for Attorney General of New York.

Thomas J. Sheridan, of San Francisco, Cal., for complainant.

Dittenhoefer & Fishel, of New York City, for defendant corporations.

Robert P. Levis, of New York City, for creditors and stockholders.

Nathaniel F. Schmidt, of New York City (Frederick Durgan, of counsel), for Stanley Bonner.

Charles Keedy, of Wilmington, Del., for Delaware complainant.

WINSLOW, District Judge. There are two motions before the court on the return of two orders to show cause herein, one being an application by one Stanley D. Bonner, and the other on behalf of Gustavus A. Rogers and others; both motions seeking to vacate an order heretofore made by this court on the 12th day of January, 1924, appointing receivers in equity herein, and for a dismissal of the equity bill. The defendant corporations herein are organized under the laws of the state of Delaware. The plaintiff is a resident of New York.

In the Bonner motion, it appears that the moving party is a stockholder owning one share of stock in the Commonwealth Hotel Construction Company, one of the defendants herein. He began suit in the New York state court, on or about December 20, 1923, on behalf of himself as a stockholder and all other stockholders who choose to make themselves parties to the action, against the two defendants herein and other individual officers and directors of the Commonwealth Hotel Construction Corporation. The action, in substance, is for

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

malfeasance or misfeasance in office, and the corporations are joined as defendants apparently because the transfer of certain real estate from one of the defendant corporations to the other is challenged. The action is in the nature of an action for waste and to prevent diversion of corporate assets. No right accrues to creditors by virtue of this suit in the state court. The plaintiff Bonner prays that the New York Supreme Court may appoint a receiver of the assets and property of one of the defendants, to wit, the Commonwealth Hotel Company. No receiver is asked for of the codefendant, Broadway, Seventh Avenue & Fifty-Sixth Street Hotel Realty Corporation. The prayer for relief is for an injunction, and that the funds realized and recovered shall be distributed among stockholders. No attempt is sought to protect creditors. The complaint was served on December 26, 1923, and an order to show cause on motion for a receiver in the state court, dated January 12, 1924, was apparently served after the appointment of the receivers herein by the federal court.

In the second motion herein, made by Rogers and others, it appears that another suit in the New York Supreme Court was brought by Rogers and four other stockholders, suing on behalf of themselves and others against the two corporate defendants herein and eight individual defendants, directors of the defendant corporations. It appears that the plaintiffs in that action are the owners of 25 shares of stock. The relief prayed for therein is to have certain agreements and transactions set aside as illegal, and to have certain of the officers reimburse the Commonwealth Company for alleged improper payment of moneys, and to compel an accounting of the official conduct of the officers of the Commonwealth corporation. It is, in substance, a stockholders' action to recover from the directors property alleged to have been diverted, and to restrain the further diversion of property. The prayer for relief in this second state action includes a petition for the appointment of a receiver in the state of New York for the property of the Commonwealth, and that an injunction may be granted restraining the individual defendants from making any of the payments or performing any of the acts complained of, etc.

In the Rogers suit in the state court an order to show cause was issued therein on January 10, 1924, requiring the defendants in that motion to show cause in the state court on January 14, 1924, why an injunction and a receiver pendente lite should not be appointed. This order to show cause was served on the defendant corporations herein, and some of the individual defendants in the state court prior to the appointment of the receivers herein. While these matters were pending in the state court and undetermined, this action in the United States District Court in equity was begun on the 12th day of January, 1924; the plaintiff herein being a creditor (and stockholder) suing for himself and all other creditors similarly situated. The bill is the usual bill in equity, and prays that the assets of the two defendant corporations herein may be conserved, and that the rights, interests, and equities of the various parties, including creditors and stockholders, be determined and adjudicated, and that, pending the final hearing and determination, receivers in equity be appointed to mar-

shal the assets and property and distribute them, and that interference with the property and assets of the defendant corporations be enjoined pending the determination of the various issues.

On January 12th, the date of the appointment of the receivers in equity herein, the defendant corporation appeared by its attorneys, admitted all of the allegations contained in the bill, and consented to the relief prayed for in the bill. On this appearance and answer, the receivers were appointed by this court. This motion now made to vacate and dismiss is based on the contentions—(a) that the bill is insufficient in law; (b) that the state court had prior jurisdiction, and, under the rule of comity, that this court should refrain from interference with its jurisdiction; and (c) that this court has not jurisdiction on the ground that the sum or value in controversy is less than $3,000.

It is further contended that the answer of the defendants is insufficient to confer upon the court jurisdiction by consent. Prior to the argument on the return of this motion, divers creditors (and stockholders) having claims in excess of $3,000 appeared and prayed for permission to intervene in this suit as party plaintiff, which intervention was allowed by the court, and they joined, on their own behalf and all others similarly situated, with the like effect as if named in the original bill of complaint. These intervening creditors also joined in the general prayer for relief.

It further appears that a third suit was begun in the Chancery Court of Delaware on January 8, 1924, to dissolve the corporations and appoint a receiver. The application for the appointment of a receiver in the Delaware court was adjourned, and no further action was had therein. The attorney for the plaintiff in the Delaware suit, however, duly appeared on the return of the motions herein and in open court opposed said motions to dismiss the bill herein, and joined the plaintiff herein in asking that this court retain jurisdiction and continue the equity receivership. It is manifest that, if the bill is insufficient in law, or if it appears on the face thereof that the court is without jurisdiction, the motion should be granted, and it would then be unnecessary to consider the other questions involved.

[1, 2] The bill of complaint alleges a diversity of citizenship, and the plaintiff asserts a claim of $2,800 incurred by the defendant Commonwealth, and a claim of $2,500 incurred by the defendant Broadway. It further alleges that the assets and properties of the two defendants are commingled, and that only by a trial can it be adjudicated whether any apportionment of said claims, if established, should be apportioned partly to one and partly to the other defendant. In substance, it alleges facts which, if substantiated, would predicate a common liability for the total amount. The intervening creditors, as party plaintiffs, have, or some of them have, claims in excess of $3,000. The moving parties herein contend that these allegations do not show that $3,000 is the subject of the controversy, so that the court may assume jurisdiction. The court is of the opinion, as stated, that the aggregate amount of plaintiff's claim against the defendants is in excess of $3,000, even if the intervening parties plaintiff were not con-

sidered. But the plaintiff and the others intervening as plaintiffs seek to have all the assets of the defendant corporations conserved for the benefit of all persons concerned. The subject-matter of the action is not, therefore, merely the debt of the plaintiff, or of the intervening plaintiffs; it is the property of the defendant corporations, sought to be taken possession of and distributed on behalf of the plaintiff and all other creditors and parties in interest.

The bill of complaint alleges, and it is not disputed, that the property and assets of the defendant corporations, which are the real subject-matter of the suit, are worth "many hundreds of thousands of dollars," and, in my judgment, in any event, these assets are the, amount involved for the purpose of determining this jurisdictional question in an action of this nature. See Lion Bonding & Surety Co. v. Karatz (C. C. A.) 280 Fed. 532, at pages 536 and 537. See, also, Havner v. Hegnes (C. C. A.) 269 Fed. 537, 539; French v. Gapen, 105 U. S. 509, at page 525, 26 L. Ed. 951; Handley v. Stutz, 137 U. S. 365, 11 Sup. Ct. 117, 34 L. Ed. 706. The bill before the court, at page 9, prays that all creditors, or persons interested, be permitted to intervene and become parties to this suit.

The next question to be determined is whether the Supreme Court of the state of New York, in the Rogers suit, took constructive possession of the property by virtue of an order to show cause filed and served prior to the appointment of receivers herein so as to preclude action by this court. In the Bonner Case, the order to show cause was served after the appointment of the receivers by this court.

[3] The question now arises: Who is entitled to the possession of the property and assets of the defendant, the receivers in equity appointed by this court, or is the state court in the Rogers suit entitled to such possession, where the motion for the appointment of a receiver is still undetermined, although the motion papers in that suit were served prior to the appointment of the receivers herein? If the actions in the state court and in this court present a case where the controversy and the parties are the same, the weight of authority would seem to be that the court first acquiring jurisdiction of the controversy will retain it to the exclusion of the other, although possession of the res be not taken. Havner v. Hegnes (C. C. A.) 269 Fed. 537, at pages 540, 541, and cases cited.

In the present controversy, however, the issues in the two actions in the state court are not the same as the issues here, and the subject-matter is not identical, in which event there can be no infringement of jurisdiction as between the courts maintaining cognizance of the cause. There is no conflict of jurisdiction as to the question or cause. In such cases, the court which first acquires the first or actual possession of property is entitled to retain the same. Corpus Juris, vol. 15, p. 1160, at page 1171; Jackson v. Parkersburg (D. C.) 233 Fed. 764; Havner v. Hegnes, supra. The issues and the parties in the state court and in this court are not the same; hence the rule stated applies. Liggett v. Glenn (8th Cir.) 51 Fed. 381, 2 C. C. A. 286. In Havner v. Hegnes, supra, the suits in the state and federal courts were of the same nature and with regard to the same issues and for

the same purpose. Therefore the rule there laid down is not applicable to the case at bar.

In the case of Hertz v. Lion Bonding & Surety Co. (C. C. A.) 280 Fed. 340, an action was begun in the state court for the appointment of a receiver, and such receiver was duly appointed by the state court and took actual possession of the property. Subsequent thereto a creditors' bill was filed in the United States District Court. The Circuit Court of Appeals sustained the bill and appointed federal receivers as against the receivers appointed by the state court, and held that their possession was superior to that of the state receivers. The state court actions seek to charge the directors with dereliction of duty, and seek to set aside the various transactions said to constitute waste of property and the recovery of moneys alleged to have been diverted from the corporations. The suit in this court is a suit to marshal assets, to sequester property and distribute it among the persons entitled thereto. It is not disputed that in the present case the receivers appointed by this court took and now have actual physical possession of the property of the defendant corporation, and it is apparent that the control of the property by this court of such assets, with its right to marshal them and determine the rights and equities of creditors and stockholders, is broader and more complete than any relief sought or possible in the state court.

[4] The state court has no jurisdiction to appoint a general receiver of a foreign corporation. Acken v. Coughlin, 103 App. Div. 1, 92 N. Y. Supp. 700. A temporary receiver pendente lite might be appointed by the state court to prevent waste of the property of a foreign corporation, but such receiver would have no title to its property; he would in effect be a custodian. The receivers in the federal court would be permanent in character, having title to property, with power to bring plenary suits, to collect its assets, to pay debts, and adjust and pay the claims of creditors, and distribute the surplus to stockholders.

[5] Where there is an express consent by the corporation to the appointment of receivers in equity, and the corporation has failed to object seasonably to such appointment, and the indebtedness of the contract creditor is admitted, as in this case, the court has the equity power to appoint a receiver, and the objection, which might otherwise be considered, will be treated as waived. Pusey & Jones Co. v. Hassen, 261 U. S. 491, at page 500, 43 Sup. Ct. 454, 67 L. Ed. 763; In re Metropolitan Railway, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. Ed. 403.

[6] As an alternative to the dismissal of the bill, the moving parties pray that, if their motions to that end be denied, the court substitute another for one of the receivers heretofore appointed. The moving papers do not now justify such action, but such power is inherent in the court, and should be exercised if the interests of the parties so require.

The motions to vacate the order appointing the receivers and to dismiss the bill will be denied.