## HARKIN et al. v. BRUNDAGE et al.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1926. Rehearing Denied June 4, 1926.)

No. 3642.

1. **Courts** ⊚⇒493(1)—**As between courts in which different suits are pending against a corporation, the one which first acquires jurisdiction over its property by actual seizure should retain it.**

Where two suits against the same corporation in different courts are different as to parties and purpose, there is no conflict of jurisdiction and the court which first acquires jurisdiction over the res by actual seizure through its receiver should retain such jurisdiction.

2. **Attorney and client** ⊚⇒88—**Agreement by attorney for corporation defendant cannot prevent creditors of the corporation, who are not parties to the suit, from suing for receivership in another court.**

An agreement by the attorney for a corporation defendant in a suit in a state court, in securing continuance of a motion for receiver, cannot prevent creditors of the corporation, who were not parties to the suit, from suing in federal court for receivership.

3. **Appeal and error** ⊚⇒882(5)—**Construction given bill by all parties throughout hearing cannot be questioned on appeal.**

Where an allegation in a bill for receivership that defendant was "indebted" to complainant in a sum stated was taken by all parties throughout the hearing to mean a past-due indebtedness, as it was shown to be by the evidence, a party cannot for the first time in the appellate court attack bill as not alleging past-due indebtedness.

4. **Action** ⊚⇒8—**Invitation by debtor corporation to creditor to sue held not such collusion as to defeat jurisdiction of the suit by a federal court (Judicial Code, § 37 [Comp. St. § 1019]).**

That officers of a corporation, against which suit was pending in state court in which receivership had been asked, informed a creditor of its precarious financial condition and urged it to take action to protect its rights, *held* not such collusion as to defeat jurisdiction of the creditor's suit by a federal court, under Judicial Code, § 37 (Comp. St. § 1019), where its claim was a bona fide indebtedness for merchandise sold.

5. **Receivers** ⊚⇒35(1)—**Notice of application for receivership should be given to all interested parties when possible.**

There should be no "friendly receiverships," hurriedly obtained on ex parte applications, to enable particular counsel to control the receivership, and, whenever possible, notice should be given to all interested parties.

6. **Attorney and client** ⊚⇒42—**Attorney deliberately withholding essential facts from court subject to discipline.**

When debtor corporation appears in suit for receivership and consents to appointment, the court must rely on counsel to inform it

as to all the facts, and, if essential facts are deliberately withheld, counsel may forfeit his right to practice or be otherwise disciplined.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the United States Worsted Sales Company against the Daniel Boone Woolen Mills, Inc. Petition by Daniel V. Harkin and the Union Bank of Chicago, receivers appointed for defendant by a state court, against Edward J. Brundage, receiver appointed by the federal court, to require the property to be turned over to them. From an order denying their petition, they appeal. Affirmed.

Lloyd C. Whitman, of Chicago, Ill., for appellants.

Edward R. Johnston, of Chicago, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This appeal involves a controversy between appellants, who were appointed receivers of the Daniel Boone Woolen Mills, Inc., by the superior court of Cook county, Ill., upon a bill filed by one Harry Hurwitz, a stockholder, and appellee, the receiver appointed by the United States District Court for the Northern District of Illinois upon the suit of the United States Worsted Sales Company, a creditor. Adopting the language of counsel, appellants will be referred to as the state court receivers, appellee as the federal court receiver, and the Daniel Boone Woolen Mills, Inc., as the debtor.

The creditor in the federal suit was a New York corporation, and its claim exceeded $6,000. The allegations of the bill were sufficient to justify the appointment of a receiver, which was one of the reliefs sought. Debtor appeared in this suit, filed an answer admitting all of the allegations of the bill, and consented to the appointment of a receiver. Nine days subsequent, appellants were named receivers in the state court.

Immediately upon his appointment as receiver, appellee took possession of the assets of the debtor, and thereafter, upon their appointment, appellants filed a petition in the United States District Court, asking that the property of the said debtor be turned over to them, and also asking that appellants' attorneys be permitted to appear in the federal court for the corporation.

This appeal is from an order denying petitioners any relief.

Appellee, having been first appointed receiver, and having taken possession of the property of the debtor prior to appellants' appointment, would ordinarily be entitled to hold it. Appellants, however, contend that this rule must yield, in view of the peculiar facts present in the instant suit. They point out that their suit was filed in the state court prior to the institution of the proceedings in the federal court, and likewise their prior and pending application for the appointment of a receiver invoked the so-called constructive possession theory, for which they cite and rely upon Havner v. Hegnes (C. C. A.) 269 F. 537.

Appellee answers by asserting that the bill, as originally filed in the state court, did not ask for the appointment of a receiver, and no facts were alleged which would have justified the court in appointing a receiver, citing sections 53 and 54 of the Corporation Act of 1919 (Laws Ill. 1919, p. 327). People v. Weigley, 155 Ill. 491, 504, 40 N. E. 300; Gilbert v. Block, 51 Ill. App. 516; Blanchard Bro. & Lane v. The S. G. Gay Co., 289 Ill. 413, 124 N. E. 616; Coquard v. National Linseed Oil Co., 171 Ill. 480, 485, 49 N. E. 563.

We are inclined to accept the view that appellants' position should be determined, not merely upon the complaint as filed, but in the light of the pleadings, *together with the pending motion* of the stockholder for the appointment of a receiver. This motion carried with it the possibilities of amended pleadings and supporting affidavits. And this view is particularly persuasive in view of the proceedings that occurred in the state court when a continuance of the motion for the appointment of a receiver was granted at the request of the debtor.

Appellee further contends, however, that the two suits, one in the state court brought by the stockholder and the other in the federal court brought by the creditor for himself and for all others similarly situated, were entirely different, not only as to parties, but as to purpose, subject-matter, and relief, and therefore there was no conflict of jurisdiction between the two courts.

[1] An examination of the cases (Empire Trust Co. v. Brooks, 232 F. 641; Palmer v. Texas, 212 U. S. 118, 129, 29 S. Ct. 230, 53 L. Ed. 435; Wabash Railroad v. Adelbert College, 208 U. S. 609, 28 S. Ct. 425, 52 L. Ed. 642; Farmers' Loan & Trust Co. v. Lake Street Ry. Co., 177 U. S. 51, 20 S.

Ct. 564, 44 L. Ed. 667; Pacific Live Stock Co. v. Oregon Water Bd., 241 U. S. 440, 36 S. Ct. 637, 60 L. Ed. 1084; Moran v. Sturges, 154 U. S. 283, 14 S. Ct. 1019, 38 L. Ed. 981; 15 C. J. pp. 1163, 1177) convinces us that, if the two suits were different, there was no conflict of jurisdiction, and the court which first acquired jurisdiction over the res by actual seizure through its receiver should retain jurisdiction. The suit instituted by the stockholder in the state court was different from that brought by a creditor in the federal court. Moran v. Sturges, supra; Empire Trust Co. v. Brooks, supra. In fact, it would not have been possible for the stockholder to maintain a suit such as was brought in the federal court. People v. Weigley, 155 Ill. 504, 40 N. E. 300.

[2] Appellants further contend, however, that the suit in the federal court was brought in violation of the pledge by the debtor's attorney given to the state court, and upon which the continuance of the receivership motion was granted. We fully agree with appellants' counsel that there is no basis for an alleged misunderstanding as to the effect of the assurances thus given, upon which assurances a continuance of the hearing was had. We furthermore agree that such counsel spoke for and bound the debtor. He could not, however, and did not, represent creditors who were not parties to the state court suit, and whose interests were adverse to the debtor. In other words, the creditors' right to bring this suit could not be defeated or affected by the conduct of counsel for the debtor. Surely punishment for professional misconduct and bad faith of counsel at the time representing the debtor corporation should not be visited upon creditors who were not parties to the suit, whose interests were hostile to the corporation, and who did not even know of the proceedings that occurred in the state court.

[3] Appellants likewise contend that the complaint filed in the federal court failed to allege that the creditor's obligation was past due. The plaintiff alleged: "That the defendant is *indebted* to the complainant for goods, wares, and merchandise heretofore sold and delivered * * * in the sum of $6,176.43, no part of which has been paid, and there are no offsets or counterclaims thereto." "The ground upon which the jurisdiction of the court depends in this suit is the diversity of citizenship of the complainant and of the defendant, and the *amount in controversy* herein exceeds the sum or value of $3,000, exclusive of interest, costs, and ex-

penses. This suit is brought for the purpose of enforcing the claim of complainant against the defendant. * * * "

Upon the hearing in the court below there was considerable evidence taken, and other interested parties intervened and became parties plaintiff. The testimony leaves no doubt as to the past-due character of the account. The fact that appellants' counsel did not raise this question until they reached this court, and then only in their reply brief, indicates that they, as well as the District Court and the parties, construed the word "indebted" to mean a debt presently payable. In Trowbridge v. Sickler, 42 Wis. 417, such was its accepted meaning, and while we are not required to so hold in this case, we have no hesitancy in saying that at this late date the parties cannot and should not be permitted to give a more technical or limited construction to this word. There is no question but what both the complainant and the defendant construed the word "indebted" to mean "presently indebted."

[4] It is also urged that the federal court was without jurisdiction because the plaintiff and the debtor entered into a collusive agreement to bring this suit, in violation of section 37 of the Judicial Code (Comp. St. § 1019). In other words, there was no real controversy between the plaintiff and the defendant in the federal court. It is worthy of notice that this point was not made in the District Court. However, the question is one of jurisdiction, and can be raised at any time, and this court should and will take notice of it sua sponte.

After a careful examination of the evidence, we conclude there is sufficient proof to support the court's jurisdiction. It is true the debtor sought the plaintiff, a creditor, and urged it to bring the suit; that the debtor supplied a soliciting attorney with the names of creditors, particularly nonresident creditors, and was instrumental in urging the creditor to go to an office, where one attorney was drawing the bill, although no party plaintiff had as yet been found.

On the other hand, it appears that the creditor did not know of the condition of debtor's affairs, was not aware of the officers' gross mismanagement, or of the tremendous losses of the preceding year, until informed by the debtor's officers. It was a bona fide creditor with a claim in excess of $3,000, which indebtedness arose from merchandise sales. Its residence supplied the diversity of citizenship necessary to invoke the federal court's jurisdiction. When it was

confronted with a statement of the condition of the debtor's affairs, and of the precarious state of its account, it was required to take some steps to protect its claim. It had the undoubted right to select the forum wherein it would seek its redress, and because of the existing facts could proceed either in the federal court or in the state court.

Upon this record we cannot say that, merely because the debtor thus advised the creditor of the true state of its affairs and urged it to take action to protect its right, there was not a real, a substantial, dispute or controversy between the two parties. That the conduct of debtor's first counsel (not the counsel appearing in this court) was far from commendable is unfortunately most apparent. It is happily not a frequent occurrence that an attorney for a debtor seeks the creditor and urges him to bring suit against his client, or turns over his client's list of creditors to an attorney soliciting business, to say nothing of the violated pledge to the judge and opposing counsel. Moreover, good faith required this counsel to have advised the federal District Court of the pendency of the state court proceedings. [5, 6] The case is one where, in their determination to control the receivership, counsel proceeded with such speed and zeal that the code of professional ethics was entirely ignored and forgotten. Counsel should avoid all hurried ex parte applications for friendly receivers. In fact, there should be no "friendly receiverships." Whenever possible, notice should be given to any and all interested parties. When the debtor corporation appears, however, and consents to such appointment, the court must rely on counsel to inform it as to all the facts. If essential facts are deliberately withheld, counsel may well forfeit his right to practice further, or be otherwise disciplined.

Notwithstanding the prejudice which this conduct has created, we have approached the question with the understanding that the client's rights, rather than attorney's conduct, must be the basis for the determination of this litigation.

Counsel for appellants ask to be substituted for debtor's counsel in this litigation. Were this request a discretionary matter (and we do not believe that it is), it could best be handled by the District Court. But it is not a matter calling for the exercise of discretion.

The decree is affirmed.