FIRST NAT. BANK OF MEDFORD, OR., v. STEWART FRUIT CO.

(District Court, N. D. California, S. D. February 19, 1927.)

No. 1642.

1. Receivers ⬤⟶12—Simple contract creditor cannot have receiver appointed for assets of individual debtor.

A simple contract creditor cannot have a receiver appointed to take possession of assets of an individual debtor.

2. Receivers ⬤⟶12—Simple contract creditor cannot have receiver of corporation's assets appointed over corporation's objection.

Simple contract creditor cannot have receiver of corporation's assets appointed, where corporation resists appointment.

3. Receivers ⬤⟶31—Court has jurisdiction to appoint receiver for corporation on suit of simple contract creditor, where corporation consents and admits allegations of bill.

Where simple contract creditor's bill alleges that corporation is unable to pay its obligations as they mature, and that its assets are in danger of being dissipated by forced sale if a receiver is not appointed, and corporation's answer admits such allegations and consents to appointment of receiver, or otherwise waives defense of nonconsent, court has jurisdiction to appoint receiver.

4. Receivers ⬤⟶202—Simple contract creditor of corporation, not participating in receivership proceedings, may bring receiver's failure to account and question of fees before court.

Simple contract creditor of corporation, who refused to participate in receivership proceedings against corporation, may bring matters, such as receiver's failure to account, and as to allowance of certain fees, before the court by proper proceeding, if creditor so desires.

5. Receivers ⬤⟶199—In receivership against corporation, fees will be allowed only on noticed hearing in open court.

Usual practice in receivership proceedings against corporation is to allow fees only on noticed hearing in open court.

6. Receivers ⬤⟶35(I)—Notice of all proceedings in receivership should be given to all persons interested, and only extreme emergency excuses failure to do so.

Counsel in receivership proceeding against corporation should be extremely careful to avoid appearance of over zealousness to secure and exercise control, and should give notice of all proceedings, especially of the original bill, to all persons interested, wherever possible, and only extreme emergency should excuse failure to do so.

7. Courts ⬤⟶508(3)—Where appointment of federal receiver is valid, sheriff will be enjoined from levying execution on assets of corporation in receivership.

Where appointment of receiver for corporation's assets by federal court was valid, and motion to revoke appointment failed, motion for preliminary injunction, restraining sheriff from

levying execution on corporation's assets on judgment of state court, will be granted.

In Equity. Suit by the First National Bank of Medford, Or., against the Stewart Fruit Company, in which a receiver was appointed. On motion by the Hasegawa Company, a judgment creditor of defendant, to revoke appointment of receiver, and on receiver's motion for preliminary injunction restraining sheriff from making levy on defendant's property. Motion to revoke appointment of receiver denied. Motion for preliminary injunction granted.

Irvine P. Aten, of Fresno, Cal., for Hasegawa Co.

Knight, Boland & Christin, of San Francisco, Cal., for receiver.

KERRIGAN, District Judge. On March 2, 1926, the First National Bank of Medford, Or., a simple contract creditor of the Stewart Fruit Company, filed a bill in equity stating that the Stewart Fruit Company was unable to pay its obligations as they matured, and that its assets were in danger of being dissipated by forced sales, if a receiver were not appointed for the benefit of all creditors. On the same day the Stewart Fruit Company filed its answer, admitting the allegations of the bill, and consenting to the appointment of a receiver. The receiver was appointed by this court.

The Hasegawa Company, also a simple contract creditor, has not participated in any of the proceedings under the receivership, and has at all times refused to accept receiver's certificates, or in any way to take part in the attempts made by the receiver to settle claims against the Stewart Fruit Company. This company instituted an action in the state court to recover the sums due it from the Stewart Fruit Company, and, on December 9, 1926, a judgment was entered in the sum of $2,577.50 and costs. On the same day the Hasegawa Company ordered the sheriff of Fresno county to levy execution on certain property of the Stewart Fruit Company located in that county.

Subsequently a temporary restraining order issued from this court, restraining the sheriff from proceeding further under this levy. The sheriff's return on the order to show cause sets up the defense that the order appointing the receiver was void. The same question has been raised by Hasegawa Company by a motion to revoke the appointment of the receiver.

There are therefore two matters before the court at this time: First, the creditor's motion to revoke the receivership; and, second, the receiver's motion for a preliminary injunction against the sheriff of Fresno county.

The Hasegawa Company urges that the appointment of the receiver was void, because the bill upon which he was appointed lacked equity, being an attempt by a simple contract creditor, without lien on any assets of the Stewart Fruit Company, to enforce a purely legal right arising out of contract in equity. It contends that the consent to the appointment of the receiver by the Stewart Fruit Company in no way enlarged the equity jurisdiction of the court. Assuming that the appointment of the receiver is in fact void, the Hasegawa Company relies upon its right as a judgment creditor to appear and secure the revocation of the appointment of the receiver on motion, and without intervention or other formal appearance in the action in which the receiver was appointed.

[1-3] It is true that a simple contract creditor cannot have a receiver appointed to take possession of the assets of an individual debtor. 1 Tardy's Smith on Receivers, 649. It is also true that such a creditor cannot have a receiver of corporation assets appointed, when the corporation resists such appointment. Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 14 S. Ct. 127, 37 L. Ed. 1113; Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763. But where a corporation, sued by a bill like that in the present case, answers, admitting the facts pleaded, and consenting to the appointment of the receiver, or otherwise waives the defense of nonconsent, the court has jurisdiction to appoint a receiver. Matter of Reisenberg, 208 U. S. 90, 28 S. Ct. 219, 52 L. Ed. 403.

The case last cited concerned the Metropolitan Railway system of New York, and the Hasegawa Company seeks to distinguish it on that ground from the present case, arguing that the rule applies to public service corporations only, on account of the public interest involved. The courts do not make this distinction, however; the following being cases where a receiver of a private corporation was appointed upon a bill filed by a simple contract creditor, the corporation consenting: Harkin v. Brundage (C. C. A.) 13 F.(2d) 617; McAtamney v. Commonwealth Hotel Construction Corp. (D. C.) 296 F. 500; Guaranty Trust Co. v. International Steam Pump Co. (C. C. A.) 231 F. 594; Cincinnati Equipment Co. v. Degnan (C. C. A.) 184 F. 834. In the following cases private corporations had consented to the ap-

pointment of a receiver and afterwards contended that the appointment was void. They were not permitted to prevail. Yaryan Naval Stores v. B. Borchardt Co. (C. C. A.) 217 F. 758; Walker v. United States Light & Heating Co. (D. C.) 220 F. 393. On the authority of these cases the appointment of the receiver in the present case was valid. The Hasegawa Company must be denied its motion for the revocation of the appointment of the receiver.

[4] In the course of the argument several criticisms of the conduct of this receivership were offered, notably as to the receiver's failure to account, and as to the allowance of certain fees. As the Hasegawa Company is a creditor, and interested in the receivership for this reason, it may bring these matters before this court by the proper proceeding, if it so desires.

[5, 6] It should be said in passing that, in the interest of the creditors in such receiverships, the usual practice of allowing fees only upon noticed hearing in open court will be strictly followed by this court. Indeed, counsel in these receivership matters should be extremely careful to avoid the appearance of overzealousness to secure and exercise control, and should give notice of all proceedings, especially of the original bill, to all persons interested, wherever it is at all possible. Only extreme emergency should excuse failure to do so. Harkin v. Brundage (C. C. A.) 13 F.(2d) 617.

[7] Since the appointment of the receiver in the present case was valid, and since the motion to revoke the receiver's appointment must fail, the defense against the preliminary injunction, restraining the sheriff of Fresno county from proceeding further with the levy of execution on the Hasegawa judgment, fails also. The motion for a preliminary injunction will be granted. Davis v. Seneca Falls Mfg. Co. (D. C.) 8 F.(2d) 546, Quinn v. Bancroft-Jones Corporation (D. C.) 12 F.(2d) 958.

Let the orders be entered in accordance with this opinion.